## BOYSEN v. VAN DORN IRONWORKS.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1904.)

1. CONTRACT—PROPOSITION—ACCEPTANCE.
Where a company submitted a proposition, which was accepted by the plaintiff, whereby plaintiff agreed to furnish materials for contemplated street improvements at certain specified prices, the proposition to be followed on acceptance by a written agreement, the proposition and accept-

ance were sufficient to constitute a valid agreement, without the execution of a formal contract.

**2. Same—Conduct of Parties.**

Where a proposition and acceptance were to be followed by a written contract, and both parties recognized the right to alter the terms of the agreement by demands for such alterations, there was no contract before the execution of the written instrument.

Appeal from Trial Term, Erie County.

Action by William F. Boysen against the Van Dorn Ironworks. From a judgment dismissing the complaint after trial, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

E. M. Bartlett, for appellant.

John M. Hull, for respondent.

SPRING, J. In the spring of 1899 the plaintiff was a bidder for a proposed grade crossing improvement at the Elk street Abbott Road crossing, to be made by the city of Buffalo. During the pendency of the consideration of the bids by the municipal authorities, negotiations were had between the parties to this action, terminating in the written proposition by the defendant, which was accepted by the plaintiff, whereby the plaintiff was to furnish the materials and construct the hand railing for the contemplated improvement at certain specified prices, aggregating for the work to be performed by it nearly $6,000. The proposition by the defendant and its acceptance by the plaintiff contain the provisions that, upon the award of the contract to the plaintiff, a written agreement between the parties is to be entered into. The plaintiff was the lowest bidder, and executed an agreement with the city of Buffalo, pursuant thereto, for the performance of the entire work for the sum of about $60,000. This action is to recover damages by reason of the breach of the alleged agreement by the defendant, and is based upon the proposition and its acceptance, and the refusal of the defendant to perform in accordance therewith.

The proposition and its acceptance, taken by themselves, would constitute a valid agreement between the parties. The fact that the memorandum was to be followed by a formal contract did not impair the validity of the agreement. Sanders et al. v. Pottlitzer Bros. Fruit Co., 144 N. Y. 209, 39 N. E. 75, 29 L. R. A. 431, 43 Am. St. Rep. 757. If either party had refused to enter into the intended contract, the other party could specifically have enforced the agreement embodied in the proposition and acceptance, or obtained damages accruing from such refusal. The agreement was made, and the written contract for it was merely to put it in formal shape, and added nothing to its validity. That is the aspect presented when viewed from the papers themselves, but the difficulty with the plaintiff's case is the subsequent conduct of the parties, which indicates that they did not regard the proposition and acceptance as a binding memorandum. After the acceptance of the bid of the plaintiff, he forwarded to defendant a proposed agreement, executed by himself, and accompanied by a

bond of indemnity also signed by him, and which he requested the defendant also to execute. The defendant wrote the plaintiff in reply, declining to execute the bond tendered, but offered to give its bond with "first-class sureties," and asking a bond of the plaintiff "just as good" as the one to be given by it. Under date of May 17th, the defendant mailed to the plaintiff a proposed contract, which contained a clause to the effect that the comptroller of the city was "authorized to retain such moneys of each estimate as may be due the party of the second part, and to be paid direct to parties of the second part by said comptroller." In this letter the defendant stated that, upon the return of the agreement signed, it would at once make application to a surety company for a bond on its behalf. The plaintiff, in reply, declined positively to execute the agreement containing the clause quoted, and added:

"The tone of this contract seems to predict complications of one form or another, and this is the very thing I desire to avoid, hence I wish to have an understanding before executing a contract for this material. * * * Under the circumstances if I am to anticipate (or you are) any future trouble, in our business relations we will be mutually better off to have none."

The defendant, in a letter dated May 20th, urged the importance of this provision for an acceptable surety company bond, guarantying to it the stipulated compensation upon the completion of the work, and in the letter is this sentence:

"We do not anticipate any future trouble, but it is our desire to have the matter thoroughly understood before we purchase our material."

On July 13th the plaintiff wrote to the defendant, asking "what disposition you intend to make of the matter?" In a reply the next day the defendant stated:

"Answering yours of July 13th would say that the facts are that your commercial standing does not warrant us in accepting this bid, and unless you can have some responsible party join with you or accept the contract we have sent down, we shall have to decline said contract."

In a letter dated August 8th, the defendant said:

"This matter has drifted on to such an extent of time, that we must decline to enter into a contract with you at the price heretofore quoted you."

It is to be noted that the price of materials had been constantly tending upward, and at the outset of the negotiations the defendant urged upon the plaintiff the importance of deciding promptly whether the deal was to be consummated, because of the advance in the cost of materials necessary to the performance of the agreement, and it desired to purchase early to avoid paying the increasing prices. Again, it is to be observed that the plaintiff had no mercantile standing.

As already suggested, the proposition and acceptance, considered independently, were adequate on their face to form a valid agreement, in that they indicated the parties had intended a definite final understanding. The circumstances shadowed forth in the correspondence, however, denote that each party regarded some other material fact essential to the completion of the agreement. Neither party relied solely upon the proposition and acceptance as comprising the ultimate result. Each desired a bond, on the one hand, guarantying the faithful performance of the work, and, on the other, assuring pay-

ment upon performance, or security, in some acceptable manner, that payment was reasonably certain to be made. Each party was insistent upon the importance of the provisions of the character mentioned. The plaintiff did not offer to perform the agreement as contained in the proposition and acceptance, treating those as the sole agreement, but he apparently regarded other propositions to be determined upon between them necessary to the consummation of their contract, and an "understanding" on these "complications" was requested "before executing a contract for this material." The parties therefore coincided in the conclusion that the proposition and acceptance were tentative and subject to substantial modifications, and we must construe them in the light of the meaning given by the parties.

The case of Sanders et al. v. P. B. F. Co., 144 N. Y. 209, 39 N. E. 75, 29 L. R. A. 431, 43 Am. St. Rep. 757, relied upon by the counsel for the appellant, is not in conflict with the position here taken. In that case the plaintiff submitted in writing to the defendant a proposal to sell 10 car loads of apples at $2 per barrel, and after some correspondence the proposal was accepted by the defendant. Subsequently, when the parties came to embody their memoranda in a written agreement, the defendant insisted on inserting provisions materially adding to the burdens and expenses of the plaintiffs. The latter declined to assent to the modification, but contended that the proposition and acceptance comprised the real agreement. There was no departure by the plaintiff from the agreement evidenced by the memoranda. There was no attempt to add other provisions, nor to repudiate any agreed upon. The court held that the proposition and acceptance made their agreement, and its formal expression in a single paper was not necessary, although that was intended by the parties. Had the negotiations of the present parties ceased with the proposal and acceptance, the case cited would be controlling. The distinction is that both parties in this action sought to modify materially the original understanding, and each, in effect, recognized the right to make alterations in its terms before it became a consummated agreement. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.