INDUSTRIAL ENGINEERING COMPANY, Plaintiff, *v.* THE JENNISON-WRIGHT COMPANY, Defendant.

First Department, December 1, 1922.

Sales — action by buyer for breach of alleged contract to sell and install floors — assent of defendant not shown — implication of assent overcome by subsequent acts of parties — no question for jury.

In an action by a buyer for breach of an alleged contract to sell and install wood block floors, it appeared that the defendant made a written offer to the plaintiff which provided " acceptance of this proposal constitutes an order;" that the plaintiff indorsed the offer as " accepted subject to execution of satisfactory contract;" that the defendant subsequently wrote to the plaintiff inclosing a confirmation of order which contained certain conditions of acceptance and stated that the order was accepted on defendant's regular terms and conditions set forth in the confirmation, and requested plaintiff to advise it promptly by telegraph at its expense if the terms and conditions were not satisfactory, and that the plaintiff did not notify the defendant of any objection to any of the conditions.

*Held,* that any implication which might have arisen through the failure of the plaintiff to notify the defendant that the terms were not satisfactory was clearly rebutted by the subsequent conduct of the parties who thereafter continued to negotiate until the defendant refused to proceed further, and, therefore, the defendant never assented to the alleged contract and none was ever brought into existence.

There was no question to be submitted to the jury on the theory that the subsequent conduct of the parties was ambiguous, for the plaintiff proved by its own acts and admissions that there never was a meeting of the minds of the parties.

MOTION by the plaintiff, Industrial Engineering Company, for a new trial upon a case containing exceptions, ordered to be heard by the Appellate Division in the first instance after a dismissal of the complaint by direction of the court at the close of the plaintiff's

case upon a trial before the court and a jury at the New York Trial Term in January, 1921.

*McAneny & Bacon [Easton S. Bacon* of counsel; *Leonard G. McAneny* with him on the brief], for the plaintiff.

*McKercher & Link [George Link, Jr.,* of counsel; *Clark McKercher* with him on the brief], for the defendant.

FINCH, J.:

This is an action by the buyer for breach of an alleged contract to sell and install wood block floors. The defendant denied the making of the contract and the court ruled that the plaintiff had not produced sufficient evidence of the making of the contract to go to the jury, holding as matter of law that the minds of the parties. had not met. An order was made directing that the exceptions be heard here in the first instance.

It appears that the plaintiff had a contract with the United States government for the erection of a machine shop. The defendant made plaintiff a written offer for the furnishing and installation of the flooring, which provided " acceptance of this proposal constitutes an order." This offer the plaintiff indorsed as " accepted subject to execution of satisfactory contract." The defendant subsequently wrote the plaintiff, " We are very pleased to acknowledge receipt of your order * * *. We want you to know that we certainly appreciate your business and are placing this on our ' when advised ' list, to be shipped at the earliest possible date after being advised to do so * * *." This letter inclosed a " confirmation of order," which contained certain conditions of acceptance, and stated: " Your order is accepted on our regular terms and conditions set forth on the front and reverse side hereof and not otherwise. Please advise us promptly by telegraph at our expense *if not satisfactory.*" The plaintiff did not notify the defendant of any objection to any of these conditions.

The defendant contends that the plaintiff was under a duty when it received said letter to notify the defendant that it had rejected the offer, and in default thereof that the defendant could rely on the fact that the offer had been accepted. Any such implication, however, would be an implication of fact and if it arose it was clearly rebutted by the subsequent conduct of the parties which was as follows: On January sixteenth the plaintiff sent to the defendant for execution two forms of contract which contained some other and different provisions and conditions. On February ninth the plaintiff wrote asking the defendant to kindly sign the contract and that upon receipt thereof plaintiff would send the defendant its copy. On March eighteenth plaintiff notified

the defendant that it was willing to waive the execution of its form of contract. Thus it will be seen that the plaintiff, by these acts, negatived the implication of fact which otherwise would have arisen. Up to March eighteenth plaintiff had declined to accept any contract except on its own form, and when on March eighteenth plaintiff made an offer to the defendant to accept a contract other than the contract plaintiff had insisted on, defendant refused to accept this new offer of the plaintiff's. In consequence there was no meeting of the minds. The language of the court in *Boysen* v. *Van Dorn Iron Works Co.* (94 App. Div. 95) is directly in point: " The difficulty with the plaintiff's case is the subsequent conduct of the parties which indicates that they did not regard the proposition and acceptance as a binding memorandum."

Plaintiff urges that the subsequent conduct of the parties in the case at bar is ambiguous, and, therefore, the matter should have been submitted to the jury; but plaintiff loses sight of the fact that a contract could only arise from a meeting of the minds, and the plaintiff has shown by its own acts and admissions that no meeting of the minds took place.

It follows that the exceptions should be overruled, with costs, and judgment directed in favor of the defendant dismissing the complaint upon the merits, with costs.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Exceptions overruled, with costs, and judgment directed for defendant dismissing the complaint upon the merits, with costs. Settle order on notice.