JOSEPH M. BRIEFSTEIN, Respondent, *v.* P. J. ROTONDO CONSTRUCTION Co., INC. et al., Appellants.

First Department, June 25, 1959.

*Max J. Gwertzman* for appellants.

*Louis B. Frutkin* of counsel (*George Kittner*, attorney), for respondent.

BERGAN, J.   The form of the defendants' motion is to dismiss " each of the four " causes of action set forth in the complaint on the stated ground that " it ", i.e., the complaint, does not state facts sufficient to constitute a cause of action.

The first cause is largely devoted to pleading an agreement to enter into a written contract which failed of consummation. Plaintiff alleges he owned a lumber business for many years and in April, 1956 defendants agreed that if he would liquidate the business they would sell him 25% of the stock of the corporate defendant for a fixed amount; employ him as a corporate officer and director at a specified salary; and take whatever corporate action necessary to protect him; in the words of the pleading: " to assure " him " of the security of his position ".

Plaintiff then alleges that he started the liquidation of his business and went into defendants' employ in September, 1956; that a proposed written contract was submitted to him by defendants which plaintiff rejected mainly because it lacked adequate safeguards for securing plaintiff's position.

All this, taken together, pleads merely an agreement to make a contract, incomplete in essential conditions, and, upon abundant authority, not enforcible (*Brown* v. *New York Cent. R. R. Co.*, 44 N. Y. 79; *Arliss* v. *Brenon Film Corp.*, 230 N. Y. 390; *St. Regis Paper Co.* v. *Hubbs & Hastings Paper Co.*, 235 N. Y. 30; *Ansorge* v. *Kane*, 244 N. Y. 395). It is clear that the parties intended to formalize their agreement when they should concur on terms, to be expressed in writing (*Sherry* v. *Proal,* 131 App. Div. 774; *Boysen* v. *Van Dorn Iron Works,* 94 App. Div. 95).

There appears within the frame of the first cause, however, the statement of a separable contract made in September, 1956 between plaintiff and the corporate defendant, to hire defendant as an administrative executive for a " term ending September 1, 1957 " at a fixed salary and a minimum bonus, " plus twenty-five per cent of the said corporate defendant's profits, to be determined by usual accounting methods and to be paid at the termination of the said period of employment ".

Mutuality is pleaded in the plaintiff's agreement to work for this period for the corporation.   The agreement is, however, within the Statute of Frauds (Personal Property Law, § 31).

Not only would the corporate profits, if " determined by usual accounting methods " not be ascertainable until a period beyond the year during which the contract would run, and hence not be payable or performable within the year, but a more basic

objection on this ground seems to lie in the fact the obligation to pay 25% of the corporate profits is not in actual terms limited to a year, or to the year the contract runs, or to any year or any period. It is merely set out that the percentage is to be "paid at the termination of the said period of employment". The time of payment does not here fix the time area of liability for a share of profits. The first cause, as an entity, is therefore insufficient.

The fourth cause, laid in fraud, pleads that the individual defendant did not intend to perform the contract with plaintiff when he made it. To say that a contracting party intends when he enters into an agreement not to be bound by it is not to state "fraud" in an actionable area, but to state a willingness to risk paying damages for breach of contract.

If a man makes a contract intending to breach it he would expect to pay the price which such a course incurs by the usual rules of law under which contracts are afforded judicial enforcement. An intention not to perform does not bring on heavier damages than actual nonperformance. The policy which runs through the fabric of the law of contracts is to bind a party by what he agrees to do whether or not he intends to do what he agrees.

Implicit in the policy sanctioning the formalization of contractual undertakings is precaution against an existing intention not to be bound by the agreement as well as a future change of mind about being bound by it. Actionable relief hangs on breach; and under the facts here pleaded, relief does not lie for fraud resting on an intention not to perform. The fourth cause is insufficient (cf. *Brick* v. *Cohen-Hall-Marx Co.*, 276 N. Y. 259).

The order should be reversed on the law with $20 costs and the motion to dismiss the complaint granted with $10 costs, with leave to plaintiff to replead.

BREITEL, J. P., VALENTE, McNALLY, STEVENS and BERGAN, JJ., concur.

Order unanimously reversed on the law with $20 costs and disbursements to the appellant, and the motion to dismiss the complaint granted with $10 costs, with leave, however, to plaintiff to replead within 20 days after service upon his attorney of a copy of the order entered herein with notice of entry thereof.