HARVEY SUDERMAN, Appellant, v INTEGRATED DISPLAY SYSTEMS, INC., Respondent.—Order, Supreme Court, New York County, entered April 19,

1978, unanimously reversed, on the law, and defendant's motion to dismiss the amended complaint pursuant to CPLR 3211 (subd [a], par 5) denied, with $75 costs and disbursements on the appeal to plaintiff-appellant. The complaint alleges a cause of action for breach by defendant of an oral agreement to retain plaintiff for a one-year period as director of marketing at an annual salary of $40,000. The sufficiency of the cause of action so pleaded is not vitiated by the letter described in the complaint as an offer and annexed to the complaint as Exhibit No. 1. We disagree with the conclusion reached by Special Term that the letter establishes, as a matter of law, that plaintiff's employment was terminable at will. That letter dated December 2, 1976, states that it is "an offer", and recites, "You will be placed on our payroll once we receive written acceptance of this offer." There is no evidence of a written acceptance. Plaintiff contends and the complaint alleges that thereafter on December 20, 1976, an oral agreement of employment for one year was entered into. It is undisputed that following his retention by defendant, plaintiff set up a New York sales office and assumed his duties as director of marketing until May 31, 1977, when defendant eliminated the New York office and discharged plaintiff, effective June 2, 1977. The complaint plainly alleges breach of an oral agreement which, if made as alleged, was to be performed within one year. Special Term's characterization of the complaint as an attempt to avoid the Statute of Frauds defense by asserting a "magical" one-year period of retention from December 20, 1976 to December 19, 1977, amounts to fact finding, not warranted since the only issue before the court upon the motion to dismiss was whether the complaint on its face alleged a cognizable claim for relief. Special Term also found that plaintiff's right to participate in the incentive compensation plan, based upon corporate profits during the fiscal year from January 1, 1977 to December 31, 1977, rendered the agreement one which was not performable within the year. However, the complaint does not allege any claims arising under the incentive compensation plan. The plan submitted with the papers terminated on December 31, 1975. It is not alleged that compensation under that plan was included in the alleged oral agreement. The absence of such a claim distinguishes the case from *Briefstein v Rotondo Constr. Co.* (8 AD2d 349), relied on by defendant. There, the first cause of action alleged a claim for relief based upon a contract made in September, 1956 for a term ending September 1, 1957 "at a fixed salary and a minimum bonus, 'plus twenty-five per cent of the said corporate defendant's profits, to be determined by usual accounting methods and to be paid at the termination of the said period of employment'." *(Briefstein v Rotondo Constr. Co.,* 8 AD2d 349, 350, *supra).* The cause of action was found insufficient in part on the ground it was not "payable or performable within the year", since corporate profits would not be determined by usual accounting methods until a period beyond the year during which the contract was to run. Here, however, the complaint seeks to recover only salary in the sum of $22,461.53, allegedly due to plaintiff for the period from June 2, 1977 to December 19, 1977, based upon an annual salary of $40,000 for the one-year period. There is no cause of action alleged to recover benefits under the incentive compensation plan analogous to that in *Briefstein.* Concur—Murphy, P. J., Silverman, Fein, Markewich and Sandler, JJ.