■ BEATRICE GOLDBERG, Respondent, v SELECT INDUSTRIES, INC., et al., Appellants. [609 NYS2d 202] —Order, Supreme Court, New York County (Shirley Fingerhood, J.) entered June 23, 1993, which, *inter alia,* denied defendants' motion for sum-

mary judgment dismissing the amended complaint and granted the cross-motion of plaintiff-respondent for partial summary judgment, unanimously affirmed, without costs.

The evidence presented by defendants, both of which are jewelry marketing companies, on their motion for summary judgment demonstrated that the terms of the alleged oral contract between plaintiff's decedent and defendant Select Industries, Inc. ("Select") provided that decedent, a salesperson employed by Select, was to be paid a salary and a percentage of the total sales commissions actually received by his division during his employment minus certain expenses. The percentage was to be computed on a twelve month basis, but, according to the deposition testimony of Bert Axelrad, president of both defendants, it could be computed either on a calendar year basis, i.e., from January through December, or from December through the following November. The parties agreed that plaintiff's decedent was to be paid by March or April of the year following that in which the commissions were actually received by defendants, but the evidence appears to be in conflict as to whether the March/April payment date was a specific term of the contract or an outside limit on when payment could be made. The contract was terminable at will by either party. According to plaintiff, her decedent also had an oral contract with defendant AZ Associates, Inc. ("AZ") containing identical payment terms except that he was not to be paid a salary. Defendants contend that no such contract existed with AZ.

The within action seeks damages for defendants' breach of the contracts in failing to pay plaintiff's decedent certain amounts which came due under the compensation provisions of each contract as well as for violations of the Labor Law arising from the same facts. Defendants moved for summary judgment, arguing that all of plaintiff's claims were barred by the Statute of Frauds, as the alleged contracts were not capable of performance within one year. The IAS Court found that the contracts did not come within the Statute and denied defendants' motion. The court also granted, in part, a cross-motion for summary judgment by plaintiff insofar as it sought to hold defendant Select liable on the first cause of action for breach of contract and set down the matter for a hearing on damages.

We affirm.

While the Statute of Frauds requires an agreement to be made in writing if, "[b]y its terms [it] is not to be performed

within one year from the making thereof" (General Obligations Law § 5-701 [a] [1]), that provision applies only to agreements which by "their very terms have absolutely no possibility in fact and law of full performance within one year" *(D & N Boening v Kirsch Beverages,* 63 NY2d 449, 454; *Apostolos v R.D.T. Brokerage Corp.,* 159 AD2d 62).

As to the contract with Select, the evidence indicates that plaintiff's decedent commenced his employment on December 1, 1976. Thus, had either party terminated the contract before the end of 1976, all payments due decedent as of the end of the 1976 calendar year, if any, would have been computed and paid by the following March or April. Clearly, this contract was capable of performance within a year, and was therefore not within the Statute of Frauds. We note that, while the parties may not have contemplated that the contract would be terminated so quickly, this is irrelevant. It is well established that " '[t]he question is not what the probable, or expected, or actual performance of the contract was; but whether the contract, according to the reasonable interpretation of its terms, required that it should not be performed within the year' ". *(D & N Boening v Kirsch Beverages, supra,* at 454, quoting *Warner v Texas & Pac. Ry.,* 164 US 418, 434). Since defendants did not otherwise dispute the terms of the contract, summary judgment was properly granted to plaintiff on liability.

However, the contract alleged by plaintiff with AZ, although containing identical payment terms, commenced on January 1, 1983. Thus, defendant argues that, even had the alleged contract been terminated during the course of that first year, decedent could not have been paid his share of the profits until after computation of decedent's share of profits at year's end and his subsequent payment, thereby rendering performance within the year impossible and putting the contract within the Statute of Frauds *(see, Babtkis Assocs. v Tarazi Realty Corp.,* 34 AD2d 754; *Briefstein v Rotondo Constr. Co.,* 8 AD2d 349). However, since the evidence concerning the terms of the contract did not foreclose the possibility that the computation of decedent's share of the profits could have been made at the end of the following November and since the evidence left unclear whether the contract provided that payment could thereafter have been made to decedent immediately rather than in March of the following year, there remain questions of fact as to whether this alleged contract was capable of performance within one year and therefore not

within the Statute of Frauds. Thus, summary judgment was properly denied.

Finally, we reject defendants' argument that they should be granted summary judgment on plaintiff's third and fourth causes of action stating claims under Labor Law § 191 (1) (c), which, *inter alia,* requires that compensation be paid to commission salesmen "[no] later than the time provided in the employment agreement or compensation plan." Defendants argue that decedent was not entitled to the protections of this statute because he was not a commission salesman within the meaning of Labor Law § 190 (6), which provides: " 'Commission salesman' means any employee whose principal activity is the selling of any goods, wares, merchandise, services, real estate, securities, insurance or any article or thing and whose earnings are based in whole or in part on commissions. The term 'commission salesman' does not include an employee whose principal activity is of a supervisory, managerial, executive or administrative nature."

Contrary to defendants' argument we find that decedent came squarely within that definition, as part of his earnings were based on a percentage of the commissions received by his employer, and it makes no difference that certain expenses were deducted from the commissions received by his employer before they were distributed to decedent. We note that the provisions of Labor Law §§ 191-a through 191-c are irrelevant to the within matter, as they apply only to sales representatives who are independent contractors rather than employees. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Nardelli, JJ.