■ PAUL M. DEUTSCHMAN, Respondent, v FIRST MANUFACTURING CO., INC., Appellant. [775 NYS2d 855]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered November 10, 2003, which, after a nonjury trial, awarded damages in the principal amount of $226,834.96, plus costs, interest, and attorneys' fees to be determined by a referee, unanimously modified, on the law, the principal sum reduced to $113,417.48, costs and attorneys' fees denied, and otherwise affirmed, without costs. Appeal from order entered April 8, 2002, granting partial summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the final judgment. Appeal from decision, dated May 9, 2003, unanimously dismissed, without costs, as taken from a nonappealable paper.

Defendant challenges the applicability of Labor Law § 191-c (3), relied on by the trial court in assessing damages, which provides that a principal who fails to pay a sales representative earned commissions in a timely manner is liable for double damages, as well as reasonable attorneys' fees, court costs and disbursements. The statutory definition of "[s]ales representative" (Labor Law § 191-a [d]) is clearly limited to independent contractors (*Jin v Metropolitan Life Ins. Co.*, 310 F3d 84, 88 n 4 [2d Cir 2002]), as opposed to salaried or commissioned employees (*Goldberg v Select Indus.*, 202 AD2d 312, 315 [1994]). The parties entered into an agreement that set forth the terms of plaintiff's employment, including his salary, 401 (k) plan, employer-provided health insurance, paid vacation, sick days and other benefits. No serious argument can be made that plaintiff, a salaried employee, was an independent contractor. The doubling of damages and the award of attorneys' fees and costs were thus improper.

The decision to award damages must stand, however. Notwithstanding the exclusion of a letter purporting to clarify or modify the parties' agreement, commissions were still owed. Plaintiff's "Jim & Marylou" division was profitable because gross profits from "Whet Blu" had to be added to those of Jim & Marylou in order to determine profitability. Concur—Nardelli, J.P., Andrias, Ellerin, Lerner and Marlow, JJ.