George Starke, J.
The parties herein have submitted this holdover proceeding for the court’s decision upon an agreed set of facts.
The tenant had previously entered into leasehold agreements with a predecessor landlord whereby the tenant leased 8 complete, separate, and distinct apartments in the building 400 West 57th Street, New York, New York. These leases have all expired, but the tenant has remained in possession of the 8 apartments. One of those apartments is used by the tenant for her own dwelling space. It is not a subject of this proceeding. The some 49 rooms contained in the other 7 apartments are all sublet to individual roomers for the profit of the tenant. It is as to these 7 apartments that the landlord brings this holdover proceeding.
Conceding that the various roomers dwelling in the 7 apartments that are the subjects of this proceeding are rent-controlled occupants, the landlord does not here seek to disturb their occupancy. It seeks only to obtain constructive possession of these apartments as against the prime tenant, who is subletting the rooms in the apartments for her own profit. The question involved herein is whether the tenant named in this proceeding enjoys the status of a rent-controlled tenancy as to the 7 separate apartments sublet by her to roomers on a room-by-room basis.
The court’s attention is directed to paragraph (1) of subdivision f of section 2 of the New York City Rent, Eviction and Rehabilitation Regulations, which states that the regulations shall not apply to: “ (a) Leases for entire structures or premises as distinguished from the individual housing accommodations therein contained, wherein more than 25 rooms are rented or offered for rent by any lessee, sublessee or other tenant of such entire structure or premises; (b) leases for entire structures or premises as distinguished from the individual housing accommodations therein wherein 25 or less rooms are rented or *38 offered for rent by any lessee, sublessee or other tenant of such entire .structure or premises, where such lessee, sublessee or other tenant does not occupy any portion of the structure or premises as his dwelling and sublets, as an entrepreneur for his own profit, the individual rooms to subtenants; or (c) leases for entire structures or premises in which all of the housing accommodations are exempt or not subject to control under these regulations.”
Tenant argues that in actual fact, only clause (a) of the paragraph is applicable, because clause (b) refers to “ a building ” (tenant’s wording, not that of the clause) where 25 or less rooms are rented or offered for rent, and because clause (c) refers to entire structures or premises in which all of the housing accommodations are exempt or not subject to control under the regulations.
The court feels that clause (b) can readily be applied to the facts in this case. This subdivision applies to ‘ ‘ leases for entire structures or premises as distinguished from the individual housing accommodations therein wherein 25 or less rooms are rented or offered for rent by any lessee, sublessee or other tenant of such entire structure or premises, where such lessee, sublessee or other tenant does not occupy any portion of the structure or premises as his dwelling and sublets, as an entrepreneur for his own profit, the individual rooms to subtenants ”. The use of the term “ or premises ” must be given meaning by the court within the context of its usage in the regulations. Leases may exist for “ entire structures ”; they may also exist for entire “premises as distinguished from the individual housing accommodations therein.” Within the meaning of these regulations, the tenant, by leasing from landlord 7 different apartments, does lease 7 different premises, each apartment or premises containing a number of ‘1 individual housing accommodations ” which consist of individual rooms rented to subtenants for the profit of the prime tenant. The 7 separate apartments are 7 separate premises; the individual rooms in each apartment are individual housing accommodations within each premises. The tenant concededly does not occupy any portions of the 7 apartments as her own dwelling. Her own apartment, not a subject of this proceeding, is quite separable from the rooming-house enterprise.
If the tenant’s argued position be adopted, she would be protected under rent control in a situation wherein she might lease 499 apartments in a 500-apartment building, subletting for her profit to roomers the many hundreds of individual rooms in 498 of the apartments, but living in the 499th apartment *39 herself. Protection under rent control would be preserved to her because she did not lease the 500th apartment. Such interpretation of the regulations, which would be called for if tenant’s position herein be accepted, would surely subvert the public policy upon which rent control is based.
The policy basis for the existence of rent control is not posited upon the need to protect a tenant who acts as an entrepreneur by renting rooms to roomers for profit and does not herself occupy a portion of those premises containing the rooms (755 Third Ave. Realty Corp. v. Lustig, 1 A D 2d 348, affd. 1 NY 2d 833).
Clause (b) of paragraph (1) of subdivision f of section 2 of the Rent, Eviction and Rehabilitation Regulations applies to the case at bar, and the 7 premises in question are not subject to rent control as to the prime tenant. Final order granted for the landlord. Stay to March 31, 1965.