■ In the Matter of FRANK PROPERTIES, INC., Appellant, v. FRANCES E. KIRKWOOD, Respondent.— Determination of the Appellate Term (49 Misc 2d 115) unanimously reversed, on the law, and the judgment of the Civil Court, New York County, reinstated on the opinion of STARKE, J. (49 Misc 2d 36) with $50 costs to the appellant in this court and costs in the Appellate Term. Concur — McNally, J. P., Stevens, Eager, Steuer and Witmer, JJ.

■ JOE LEVENTHAL, Respondent v. ROBERT A. MARTIN, Appellant.— Judgment in favor of plaintiff in the sum of $12,868.84 unanimously reversed, on the law and on the facts, with $50 costs to defendant-appellant, and the complaint dismissed on the ground that plaintiff has failed to establish a cause of action in fraud. This nonjury action is grounded on fraudulent representations in the sale of 3,000 shares of stock at $9 per share, then being sold at $17 to $18 per share on the market. Plaintiff previously had purchased at various times 2,000 shares of the same stock at prices varying from $17.50 to $19.50 per share. Plaintiff's testimony is he would not have purchased the 3,000 shares from defendant were it not for the presence and advice of Harry Odzer, plaintiff's stockbroker. Before April, 1962 plaintiff had numerous stock transactions with and was advised thereon by Odzer. Prior to April 27, 1962 plaintiff had never done business with defendant. In fact, plaintiff never met him except possibly once in a group at a social function and it is evident from the proof that he did not rely upon the claimed representations of defendant but rather upon those of his friend Odzer, from whom he had purchased shares of the same stock and who is not a party to this action. Plaintiff admitted on cross-examination that defendant's statements did not persuade him and that if defendant was there without Odzer he never would have relied upon defendant. Plaintiff's previous dealings in the same stock through Odzer make it apparent that he was well informed concerning the stock. It is quite clear from the proof that in no sense did plaintiff rely upon defendant's alleged representations. Moreover, as appears from the second cause of action, defendant did enter into a repurchase agreement on July 3, 1962, negating plaintiff's claim that the defendant on April 27, 1962 did not intend to so do despite his then alleged representation that he would repurchase at plaintiff's request. The proof as to the second cause of action for fraudulently entering into the agreement to repurchase on July 3, 1962 with no intention of complying therewith fails to establish actionable fraud. Plaintiff's remedy, if any, thereon might well be an action for breach of contract. (*Briefstein* v. *Rotondo Constr. Co.*, 8 A D 2d 349.) In addition, the evidence tends to establish that defendant's failure to abide by said agreement was due to subsequent financial reverses. There is no cogent evidence of defendant's intention not to perform at the time of said contract. Plaintiff has failed to sustain the burden of proving either cause of action and defendant is entitled to judgment. Concur — McNally, J. P., Stevens, Eager, Steuer and Witmer, JJ.