◼ DEMOV, MORRIS, LEVIN & SHEIN et al., Respondents-Appellants, v HAROLD GLANTZ et al., Appellants-Respondents. — In an action, *inter alia,* to recover the reasonable value of legal services rendered, and to recover damages for fraud,

(1) defendants appeal from a judgment of the Supreme Court, Kings County, entered March 5, 1979, which, upon a jury verdict, awarded plaintiffs damages in the principal sums of $34,000 as the reasonable value of their services and $310,000 on the cause of action for fraud, and (2) plaintiffs cross-appeal from the same judgment insofar as it failed to award them punitive damages. Judgment modified, on the law, by (1) deleting therefrom the provisions (a) awarding plaintiffs damages on the cause of action for fraud and (b) awarding damages in *quantum meruit* against defendant Zuckerman-Vernon Corp. and (2) adding thereto provisions (a) dismissing the complaint in its entirety as against defendant Zuckerman-Vernon Corp.; and by (b) dismissing the cause of action sounding in fraud against the remaining defendants. As so modified, judgment affirmed, without costs or disbursements. Plaintiffs, individual attorneys and a law firm, contend that they were fraudulently induced to enter into a retainer agreement by, in effect, defendants' promise to permit them to litigate a certain matter on their behalf. This action was commenced following plaintiffs' untimely discharge, seeking, *inter alia,* damages in fraud and remuneration in *quantum meruit.* One element which must be proven in an action for fraud is that the plaintiff justifiably relied upon the allegedly fraudulent assertion *(Lanzi v Brooks,* 54 AD2d 1057, 1058, affd 43 NY2d 778). It is beyond cavil that a client may at any time and without explanation dismiss his attorney. Indeed, such a condition is implied in every retainer agreement *(Martin v Camp,* 219 NY 170, 174; cf. 6 NY Jur 2d, Attorneys At Law, § 51, pp 510-511, n 44). In view of this, we hold that as a matter of law an attorney may not allege a cause of action for fraud, such as herein asserted, since no serious claim of justifiable reliance on a promise of continued employment may be made by him (see *Johnson v Ravitch,* 113 App Div 810, 812). Furthermore, even if such an action for fraud could be maintained, the permissible damages which could be awarded would be based upon the value of the work which the attorney was fraudulently induced to perform and, contrary to the trial courts instruction to the jury, nothing more (see *Hanlon v Macfadden Pubs.,* 302 NY 502, 511-512). An attorney who has been unjustly discharged before he has completed the services he was retained for may obtain the same measure of damages in a suit in *quantum meruit* (7 NY Jur 2d, Attorneys At Law, § 158). Plaintiffs at bar have pursued this traditional remedy in addition to seeking damages in fraud and have recovered on the *quantum meruit* cause of action. Since the measure of damages available in both causes of action is the same, and duplicative awards are prohibited, we are presented with a second reason for dismissing the cause of action for fraud. Though a claim was made against defendant Zuckerman-Vernon Corp., the record does not support a judgment against it. Finally, plaintiffs failed to offer any argument in support of their cross appeal. Accordingly, we deem such to have been abandoned. Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.