■ L. FATATO, INC., et al., Appellants, v DECRESCENTE DISTRIBUTING Co., INC., Respondent. — In an action, *inter alia,* to recover damages for breach of contract, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), entered March 2, 1981, as granted the branch of defendant's cross motion which sought to dismiss each of the causes of action asserted in the amended complaint for failure to state a cause of action. Order modified, by deleting the first and second decretal paragraphs and substituting a provision granting the aforesaid branch of the cross motion only to the extent of dismissing the fourth and seventh causes of action for failure to state a cause of action and otherwise denying that branch of the cross motion. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to plaintiffs. Plaintiffs assert eight causes of action against defendant. In the first, second, third and sixth it is alleged that defendant agreed to sell Miller beer to plaintiffs for distribution and resale in various counties in the New York metropolitan area. The price was to be 10 cents above defendant's own case cost, plus freight charges. On this basis, plaintiffs agreed to order at least five trailer loads per business day. The complaint alleges that defendant charged plaintiffs prices in excess of cost plus 10 cents and also overcharged on freight charges for the 1,677,096 cases of beer purchased. Although plaintiffs' causes of action can be reduced in number since some allege different types of damages arising from breaches of the same contracts, only two are fatally deficient as causes of action. As to defendant's

allegation that the contracts are unenforceable because they are oral, we note that it has long been the rule in this State that the Statute of Frauds is applicable only to executory, not executed, contracts (*Dodge v Crandall,* 30 NY 294; *Brown v Farmers Loan & Trust Co.,* 117 NY 266; 56 NY Jur, Statute of Frauds, § 326). Here, plaintiffs allege that the beer was sold to them and they paid for it, but they were overcharged. The claims are immune to the Statute of Frauds under section 2-201 (subd [3], par [c]) of the Uniform Commercial Code. The fourth cause of action purports to make out a claim for fraud. It alleges that defendant made the agreement knowing that it would not abide by it, thereby misrepresenting its intention to plaintiffs. This claim says nothing which is not legally embraced by the first three causes of action for breach of contract. Since it does not state a separate cause of action (see *Brick v Cohn-Hall-Marx Co.,* 276 NY 259), it must fall. The seventh cause of action asserts that, as a result of defendant's breach of contract, various third parties canceled their agreements with plaintiffs. While this may be a valid statement as to damages, it cannot be read as a claim that defendant tortiously induced third parties to terminate their agreements with plaintiffs. Therefore, the seventh cause of action should be stricken. We see no merit in the balance of defendant's assertions. Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.