■ TESORO PETROLEUM CORPORATION, Respondent, v HOLBORN OIL COMPANY LIMITED et al., Appellants. — Order of the Supreme Court, New York County (B. Wright, J.), entered July 31, 1984, which, *inter alia,* denied defendants' motion to dismiss the fourth cause of action in the complaint, is reversed, on the law, to the extent appealed from, and the motion by defendants to dismiss the fourth cause of action granted, without costs.

Plaintiff alleged in its complaint breach of contract by defendants, and, in the fourth cause of action, fraud in the inducement of the contract. Plaintiff asserted that defendants' agent falsely assured plaintiff's employee that defendants would perform under the contract and that the representation was made with the intent to deceive. However, plaintiff did not allege that defendants breached any duty owed to plaintiff separate and apart from the contractual duty when they misrepresented their intent to perform as promised. Nor has plaintiff claimed any special damages proximately caused by the false representation, not recoverable under the contract measure of damages. Consequently, the fourth cause of action was redundant and should have been dismissed.

A failure to perform promises of future acts is merely a breach of contract to be enforced by an action on the contract. A cause of action for fraud does not arise when the only fraud charged relates to a breach of contract (*see, Wegman v Dairylea Coop.,* 50 AD2d 108, 113, *lv dismissed* 38 NY2d 918; *Miller v Volk & Huxley,* 44 AD2d 810). Concur — Sullivan, J. P., Ross, Asch and Kassal, JJ.