■ RICHARD SPELLMAN et al., Respondents, v COLUMBIA MANICURE MANUFACTURING CO., INC., et al., Appellants. — In an action to recover damages for breach of contract and fraud, defendants appeal from so much of an order of the Supreme Court, Nassau County (Pantano, J.), dated January 4, 1984, as denied that branch of their motion which was to dismiss the second cause of action pursuant to CPLR 3211 (a) (7).

Order reversed, insofar as appealed from, on the law, with costs, and that branch of defendants' motion which was to dismiss the second cause of action granted.

The plaintiffs commenced this action, alleging in their complaint three causes of action. The first cause sought the recovery of $1,150,000 damages allegedly caused by the defendants' wrongful breach of their written contract with the plaintiffs.

The second cause of action, which is the subject of this appeal, alleges fraud against the defendants as follows:

"SIXTEENTH: Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 'FIRST' through 'SEVENTH' and 'NINTH' through 'THIRTEENTH', with the same force and effect as if herein fully set forth at length.

"SEVENTEENTH: Upon information and belief, at the same time the defendants entered into the agreement * * * said defendants knew that they never intended to carry out and comply with the terms of said agreement and, further, that said defendants always intended to wrongfully terminate the agreement when plaintiffs reached the level of sales for said companies which would make it more expedient and more profitable for the defendants to terminate the agreement * * *

"EIGHTEENTH: That the defendants did not advise and indeed withheld their intention from the plaintiffs that they would prematurely terminate the agreement when the level of sales generated by the plaintiffs, as a result of their efforts, reached

an amount which the defendants felt would be sufficient and more profitable for them to terminate said agreement prematurely.

"NINETEENTH: That had the plaintiffs known of the wrongful intentions of the defendants herein, they would have never entered into or executed the agreement * * *

"TWENTIETH: As a result of the fraudulent and wrongful conduct of said defendants, the plaintiffs have been damaged in the sum of ONE MILLION, ONE HUNDRED AND FIFTY [*sic*] ($1,150,000.00) DOLLARS."

The third cause of action, *inter alia,* alleges that defendant John H. Geils, "being the true party in interest as the corporate defendants are his alter ego, was personally responsible for the fraudulent and wrongful conduct of the corporate defendants and the defendant GEILS is accordingly liable to the plaintiffs herein in the sum of ONE MILLION, ONE HUNDRED AND FIFTY THOUSAND ($1,150,000.00) DOLLARS".

By notice of motion dated September 30, 1983, the defendants moved for an order, pursuant to CPLR 3211 (a) (7) dismissing the second cause of action "against all defendants for failure to state a claim upon which relief can be granted". Also sought was the dismissal of the entire complaint "as to defendant John H. Geils for lack of personal jurisdiction" and the third cause of action against Geils "for failure to state a claim upon which relief can be granted".

In his affidavit opposing the motion, plaintiff Richard Spellman, *inter alia,* alleged that: "As soon as the defendants improperly terminated the agreements, Mr. GEILS began contacting, directly, individual members of the sales force which I had built, evidencing his clear intention to avoid paying me my fees, while reaping the benefit of my work. From the discussions which I have had with Mr. GEILS, he has made it clear to me that this was his intention from the outset of our relationship in 1980. In relying upon his false representations as to the duration of our relationship, the fees to be paid to me during the course of our relationship, and the involvement that I would have with the three corporations for several years, I have been severely damaged."

By order dated January 4, 1984, the court granted the motion to the extent of dismissing the third cause of action against defendant John H. Geils because it was legally insufficient. The court concluded that the second cause of action sufficiently pleaded fraud as against all the defendants, explaining that: "The second cause of action seeks damages in fraud on the basis that for purposes of inducing plaintiff to enter into [*sic*] contract

the defendants represented that they would pay him commissions when in reality they had no intention of doing so but intended to wrongfully terminate the contract when plaintiff built up the sales force. The alleged false statement is one of existing fact as to defendants' present intention; and where their expressed intention is merely feigned in order to mislead, a charge of fraud may be predicated thereon * * * The deliberate misrepresentation of a present intent made for the purpose of inducing another to enter a contract constitutes actionable fraud where there has been reliance thereon". The court also concluded that there was jurisdiction over defendant Geils.

The defendants appeal, contending, *inter alia,* that the court erroneously denied that branch of their motion which was to dismiss the second cause of action on the ground that it was legally insufficient as against all the defendants.

In *Pace v Perk* (81 AD2d 444, 449-450), this court set forth the rules governing review of motions to dismiss for failure to state a cause of action: "Upon such a motion to dismiss a complaint for legal insufficiency, the court must assume that its allegations are true * * * and must deem the complaint to allege whatever can be imputed from its statements by fair and reasonable intendment, however imperfectly, informally or illogically facts may be stated therein * * * In making its analysis, the court is not bound by the constructions and theories of the parties * * * The test of the sufficiency of a complaint is whether it gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments * * * Where the motion to dismiss for failure to state a cause of action is made under CPLR 3211, the plaintiff may rest upon the matter asserted within the four corners of the complaint and need not make an evidentiary showing by submitting affidavits in support of his complaint" (*see also, Pollnow v Poughkeepsie Newspapers,* 107 AD2d 10, 18).

Applying these rules to the defendants' motion, we conclude that the second cause of action alleging fraud, where the only fraud alleged pertained to the breach of a contract between the parties, failed to state a cause of action and should have been dismissed pursuant to CPLR 3211 (a) (7).

In *Sabo v Delman* (3 NY2d 155, 162), the Court of Appeals stated that "a contractual promise made with the undisclosed intention not to perform it constitutes fraud". This broad proposition of law was narrowed somewhat by the court's observation that "it is well to bear in mind that the complaint before us neither asserts a breach of contract nor attempts to enforce any promise made by defendants" (3 NY2d 155, 159, *supra).*

The following year, in a similar case, the court, in *Channel Master Corp. v Aluminum Ltd. Sales* (4 NY2d 403, 408), reaffirmed its earlier holding in *Sabo (supra)*, noting that, "[t]he present action is in tort, *not contract, depending not upon agreement between the parties,* but rather upon deliberate misrepresentation of fact, relied upon by the plaintiff to his detriment. In other words, the 'legal relations' binding the parties are created by the utterance of a falsehood 'with a fraudulent intent' and by reliance thereon * * * and the cause of action is *entirely 'independent of contractual relations between the parties'* " (emphasis added).

The holdings in *Sabo (supra)* and *Channel Master Corp. (supra)* were apparently tied to misrepresentations which were collateral or extraneous to the agreements entered into by the parties. Such misrepresentations, the Court of Appeals held, were actionable.

However, under circumstances similar to the case at bar, the Appellate Division, First Department, in *Briefstein v Rotondo Constr. Co.* (8 AD2d 349, 351) held that a cause of action sounding in fraud was insufficient where it alleges that "the individual defendant did not intend to perform the contract with plaintiff when he made it". The court explained that (p 351):

"[t]o say that a contracting party intends when he enters into an agreement not to be bound by it is not to state 'fraud' in an actionable area, but to state a willingness to risk paying damages for breach of contract * * *

"Implicit in the policy sanctioning the formalization of contractual undertakings is precaution against an existing intention not to be bound by the agreement as well as a future change of mind about being bound by it. Actionable relief hangs on breach; and under the facts here pleaded, relief does not lie for fraud resting on an intention not to perform".

The *Briefstein* rule has been consistently followed in the First Department (*e.g., Leventhal v Martin,* 25 AD2d 508; *Miller v Volk & Huxley,* 44 AD2d 810; *Chase v United Hosp.,* 60 AD2d 558; *Miller v Columbia Records,* 70 AD2d 517; *Tesoro Petroleum Corp. v Holborn Oil Co.,* 108 AD2d 607) and in the Fourth Department (*e.g., Wegman v Dairylea Coop.,* 50 AD2d 108, *lv dismissed* 38 NY2d 918).

This court has similarly followed the rule announced in *Briefstein (supra; e.g., L. Fatato, Inc. v Decrescente Distr. Co.,* 86 AD2d 600; *Gould v Community Health Plan,* 99 AD2d 479). In *L. Fatato, Inc. v Decrescente Distr. Co. (supra)*, the plaintiffs instituted an action, *inter alia,* to recover damages for breach of contract, and appealed from Special Term's order dismissing

several of the causes of action for failure to state a claim. With regard to that part of the order which dismissed the fourth cause of action, this court stated that, "[it] purports to make out a claim for fraud. It alleges that defendant made the agreement knowing that it would not abide by it, thereby misrepresenting its intention to plaintiffs. This claim says nothing which is not legally embraced by the first three causes of action for breach of contract. Since it does not state a separate cause of action * * * it must fall" (86 AD2d, at p 601).

In the case at bar, the plaintiffs' second cause of action in essence alleges that the defendants fraudulently induced them to enter into an agreement in that when the parties executed the agreement, the defendants had no intention of abiding by its terms. That branch of the defendants' motion which was to dismiss the second cause of action should have been granted "because no cause of action for fraud arises 'when the only fraud charged relates to a breach of contract' * * * Furthermore, failure to fulfill promises to perform acts in the future is a breach of contract, and not fraud" (*Gould v Community Health Plan, supra,* at p 480).

Finally, the defendants have reargued their claim made at Special Term that the plaintiffs have failed to allege sufficient facts to support personal jurisdiction over defendant Geils. Inasmuch as the defendants' notice of appeal did not include that portion of the court's order denying that branch of their motion which was to dismiss the complaint against Geils on this ground, they are foreclosed from raising it on appeal. In any event, we note that there is no evidence to contradict the plaintiffs' evidence that Geils' attorney was authorized to accept service on his behalf. Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.