■ HUDSON FEATHER & DOWN PRODUCTS, INC., Appellant, v LANCER CLOTHING CORPORATION, Respondent. (Action No. 1.) LANCER CLOTHING CORPORATION, Respondent, v HUDSON FEATHER & DOWN PRODUCTS, INC., et al., Appellants, et al., Defendant. (Action No. 2.)—In consolidated actions, *inter alia,* to recover damages for breach of contract, the defendants Hudson Feather & Down Products, Inc. and Arthur A. Puro appeal from so much of a judgment of the Supreme Court, Kings County (Ramirez, J.), dated November 3, 1986, as amended November 5, 1986, as, after a nonjury trial, is in favor of Lancer Clothing Corporation and against them, and dismisses the complaint of Hudson Feather & Down Products against Lancer Clothing Corporation.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof which is against Arthur A. Puro, and substituting therefor a provision dismissing action No. 2 insofar as it is asserted against him. As so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

Under the circumstances at bar the buyer Lancer Clothing Corporation's delay in payment of the first two installments due under its contract with the seller Hudson Feather & Down Products, Inc. did not substantially impair the value of the whole contract (see, UCC 2-612 [3]). Moreover, the seller, by bringing an action with respect only to past installments, indicated that it wished the contract to remain in full force and effect even if there had been a substantial impairment (see, UCC 2-612 [3]).

Nevertheless, the seller, by its actions in a meeting between the parties in early May 1980, repudiated the whole contract, which repudiation permitted the buyer to suspend performance (see, UCC 2-610 [c]) and to demand further assurances (see, UCC 2-609 [1]). The seller's refusal to respond to the buyer's demands for further assurances was a substantial impairment of the whole contract (see, UCC 2-609 [4]; 2-612 [3]) and the buyer was therefore entitled to cancel the contract and to cease performance (see, UCC 2-711 [1]).

Inasmuch as the rule concerning cover makes it permissive (see, UCC 2-712 [1]) and not mandatory (see, UCC 2-712 [3]), the buyer's failure to obtain similar goods because the only goods available were at a price which was significantly higher than the contract price, does not bar its right to recover lost profits and other consequential damages (see, UCC 2-713, 2-715).

Assuming without deciding, that the plaintiff has stated a cause of action against Arthur A. Puro to recover damages for fraud (cf., Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d 954; Spellman v Columbia Manicure Mfg. Co., 111 AD2d 320; L. Fatato, Inc. v Decrescente Distrib. Co., 86 AD2d 600), the evidence upon which the court predicated personal liability fails to establish a false representation by clear and convincing evidence (see, Orbit Holding Corp. v Anthony Hotel Corp., 121 AD2d 311, 312; see also, Jo Ann Homes v Dworetz, 25 NY2d 112, 121).

We have examined the appellants' remaining contentions and have found them to be without merit. Bracken, J. P., Weinstein, Spatt and Harwood, JJ., concur.