■ GEORGIA MIHALAKIS, Appellant-Respondent, v CABRINI MEDICAL CENTER (CMC) et al., Respondents-Appellants.—Order of the Supreme Court, New York County (Diane A. Lebedeff, J.), entered June 16, 1988, resettled by order entered September 15, 1988, which dismissed part of the third, the fourth, part of the sixth, and the seventh causes of action, unanimously modified, on the law, to dismiss the entire complaint except the second cause of action for breach of contract as against defendant Cabrini Medical Center only, and the sixth cause of action for defamation as against defendants Cabrini Medical Center and Angelo Taranta only, and is otherwise affirmed, without costs.

The action is for money damages and arises out of defendant Cabrini Medical Center's termination of a contract in which it agreed, among other things, to provide plaintiff with an educational program meeting the standards of the American Medical Association's "Essentials of Accredited Residencies", and to follow certain grievance procedures in the event the contract was terminated prior to its one-year expiration date. Completion of such an "internship" program is a prerequisite to obtaining a license to practice medicine in New Jersey, which was denied plaintiff when Cabrini advised the New Jersey Board of Medical Examiners, in response to their inquiry, that it had terminated plaintiff's internship for "obstructiveness, incooperativeness, and insubordination, neglect of duty such as that of being unavailable to patients, argumentative and ineffective relations with her co-interns and supervisors, such as senior residents and chief residents, inattentive care and poor clinical judgment." Plaintiff sued Cabrini and various individuals associated with it, setting forth seven separately stated causes of action, to wit, fraud, breach of contract, tortious interference with contract, tortious interference with prospective advantage, "aggravated negligence", defamation, and intentional infliction of emotional distress. On each cause of action damages in the amount of $345,324,000 were sought, apparently representing plaintiff's lifetime prospective earnings as a physician. The causes of action for fraud, breach of contract, tortious interference with contract, "aggravated negligence", and defamation were held viable upon a preanswer motion by defendants to dismiss.

The complaint alleges that defendants, in a personal inter-

view with plaintiff, misrepresented various aspects of Cabrini's internship program, making it out to be better than it actually was, and that had plaintiff known the truth about the program, she would have rejected Cabrini and selected another hospital at which to do her internship. As soon as plaintiff began her internship, these inadequacies became apparent to her, and she vociferously registered complaints and undertook other activities to make Cabrini live up to its professional and ethical obligations, both medical and educational. These activities, especially her efforts to organize the interns and residents at Cabrini into a union, caused defendants to fear plaintiff and "they wanted to destroy her". Thus, they set about to terminate her internship, a purpose they accomplished by making false statements concerning her performance as a physician, and through other malicious means, including "repeated attempts to compel her to engage in unethical medical practices and break the medical oath she swore to, against her deep beliefs and convictions."

The cause of action for fraud should have been dismissed since it does not allege facts from which can be inferred any pecuniary, out-of-pocket losses as a direct result of the wrong (*cf., Hanlon v Macfadden Publs.*, 302 NY 502). The measure of damages in a fraud action is the difference between the value of what was given up and what was received in exchange, all elements of profit to be excluded (*Reno v Bull*, 226 NY 546, 553). Thus, it would seem that the loss here would have to be measured by the difference between the value of the internship program provided by defendants and the value of an internship program having the characteristics that defendants represented to plaintiff Cabrini had but did not. We think it evident that any such measurement must be rejected as speculative. For that matter, we think it would be to indulge in impermissible speculation to assume that had plaintiff not entered Cabrini's program she would have done better in another (*Ritzwoller v Lurie*, 225 NY 464, 469). This is simply to say that plaintiff's future earnings as a doctor were lost not because of any inherent inadequacies in Cabrini's internship program, but because of plaintiff's failure to complete that program, and that there is no causal relationship between the alleged misrepresentations and plaintiff's failure to become a doctor.

We agree with IAS that the second cause of action for breach of contract is not preempted by the National Labor Relations Act (*Betts v University of Rochester*, 123 AD2d 496), and is thus sufficient to state a cause of action, but hold that

it should have been dismissed as against the individual defendants, none of whom are parties to the contract. Similarly, plaintiff's sixth cause of action for defamation, based on defendant Taranta's communication to the New Jersey Board of Medical Examiners, should have been dismissed as against all of the defendants, except Taranta and Cabrini, his principal, parties against whom defendants concede a cause of action for defamation would lie if otherwise viable. Since raised for the first time on appeal, we do not consider defendants' argument that the communication in question was absolutely privileged, but leave it to them to interpose such as an affirmative defense in their answer.

The third cause of action for intentional interference with contract should have been dismissed as against Cabrini since a party to a contract cannot be held liable in tort for breaching its own contract (*Manley v Pandick Press,* 72 AD2d 452, 454), and as against the individual defendants for failure to allege independent tortious acts by particular defendants (*Murtha v Yonkers Child Care Assn.,* 45 NY2d 913). Moreover, most of the acts alleged, such as the denial to plaintiff of "due process", are not separate torts but the very acts claimed to constitute the breach of contract, and thus cannot serve as the basis for a separate claim in tort (*Charles v Onondaga Community Coll.,* 69 AD2d 144, 148). Similarly, the fifth cause of action, denominated as one for "aggravated negligence", should have been dismissed since, in the main, it merely realleges intentional torts and breaches of contract elsewhere alleged in the complaint as separate causes of action. Nor can plaintiff recover on the theory that defendants owed her "a duty to conform to a standard of conduct commensurate with their knowledge or experience for the protection of plaintiff against unreasonable risk of harm", and a duty to enforce rules "designed to safeguard the plaintiff from abuse of power that threatened plaintiff's career". The scope of the duties that were owing from defendants to plaintiff as a result of their student-teacher relationship is defined by their contract. Nothing special about that relationship gives rise to any additional duties upon which separate tort claims can be based (*Vought v Teachers Coll.,* 127 AD2d 654). Concur—Sullivan, J. P., Asch, Rosenberger, Wallach and Rubin, JJ.