■ BARRY TASCHMAN, Respondent, v UNIVERSITY OF ROCHESTER, Appellant. [606 NYS2d 106] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Damages in a fraudulent misrepresentation action are not recoverable if they did not result directly from the fraudulent misrepresentation or if they are speculative (see, *Dress Shirt Sales v Hotel Martinique Assocs.*, 12 NY2d 339, 343-344; *Reno v Bull*, 226 NY 546, 553; *Delcor Labs. v Cosmair, Inc.*, 169 AD2d 639, 640, lv dismissed 78 NY2d 952; *Mihalakis v Cabrini Med. Ctr.*, 151 AD2d 345, 346, lv dismissed in part and denied in part 75 NY2d 790). Defendant is entitled to partial summary judgment striking plaintiff's demand for damages for lost income and for expenses involving plaintiff's California residence and we modify the order appealed from accordingly. Even assuming, arguendo, that lost income could be found to be a direct result of defendant's alleged misrepresentation, plaintiff was unemployed when he first contacted defendant; the amount of any income lost during plaintiff's academic career is speculative and thus is not recoverable in this action. Damages for expenses involving his California residence are not recoverable because they did not directly result from the alleged misrepresentation; they resulted from his independent decision to retain his California residence while attending school in New York. We affirm the order insofar as it denied defendant's motion with respect to moving expenses. There is a question

of fact whether plaintiff would have moved to Rochester if not for the alleged misrepresentation. We note, however, that plaintiff cannot recover those moving expenses for which he has been reimbursed or that are speculative in nature. Plaintiff may recover those moving expenses that are directly related to the alleged negligent or intentional misrepresentations *(see generally,* PJI 2:230, 3:20, at 683). (Appeal from Order of Supreme Court, Monroe County, Siragusa, J.—Summary Judgment.) Present—Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.)