**Joseph SUDUL, Plaintiff,**

v.

**COMPUTER OUTSOURCING SERVICES, et al., Defendants.**

**No. 94 Civ. 1518 (JSM).**

United States District Court, S.D. New York.

Nov. 9, 1994.

David M. Hoffman, Springfield, NJ, for plaintiff.

Arthur F. Abelman, Moses B. Singer, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

MARTIN, District Judge:

Plaintiff in this diversity action is suing the defendants for breach of contract and fraud. In his amended complaint, plaintiff alleges that for approximately 25 years prior to August 1993 he was a "key employee, shareholder, officer and director" of defendant Datafast Inc. (DFI). Am.Compl. ¶ 8. The complaint states that in December 1992, DFI entered into an agreement to sell its business to defendant Computer Outsourcing Services, Inc. (COSI), and that COSI simultaneously entered into an employment agreement with Sudul having a four-year term. *See id.* ¶¶ 11, 12, *id.* Ex. B ¶ 5. From the moment that COSI entered into this employment contract, however, it and the other defendants allegedly did not intend that COSI would honor the agreement. *Id.* ¶¶ 24–26. Instead, the defendants allegedly pressured Sudul into accepting a pay cut under threat of discharge and then, in August 1993, fired him despite satisfactory performance of his duties under the agreement. *Id.* ¶¶ 16, 18–20.

Plaintiff claims that COSI breached both the employment agreement and the COSI–DFI agreement by terminating plaintiff despite his satisfactory performance, and has also brought three common law fraud claims

against all of the defendants. Defendants COSI and Lonstein, COSI's president and principal shareholder, have moved to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Their motion is granted as to plaintiff's second through fifth counts, but denied as to his first count.

*First Count*

■ The plaintiff's first count adequately alleges that an employment agreement existed between him and defendant COSI; that plaintiff performed his duties under that agreement; that COSI breached the agreement; and that the breach resulted in damages to the plaintiff. Plaintiff thus states the prerequisites for a breach of contract claim under New York law, *see Stephens v. Am. Home Assurance Co.,* 811 F.Supp. 937, 958 (S.D.N.Y.1993); *Van Brunt v. Rauschenberg,* 799 F.Supp. 1467, 1470 (S.D.N.Y.1992), and defendants' motion to dismiss must be denied as to count one.

*Second Count*

■ The plaintiff's second count alleges that defendants falsely represented to him that they had the right, under the employment agreement and the COSI–DFI agreement, to terminate his employment immediately, and that plaintiff accepted a decrease in salary in reliance on these misrepresentations.

■ In order to state a claim for fraud under New York law, plaintiff must have justifiably relied on the intentional misrepresentations allegedly made by defendants. *Royal Am. Managers, Inc. v. IRC Holding Corp.,* 885 F.2d 1011, 1016 (2d Cir.1989); *Demov, Morris, Levin & Shein v. Glantz,* 78 A.D.2d 883, 433 N.Y.S.2d 46, 47 (1980), *aff'd,* 53 N.Y.2d 553, 444 N.Y.S.2d 55, 428 N.E.2d 387 (1981); 60 N.Y.Jur.2d *Fraud & Deceit* § 142, at 650 (1987). Sudul clearly was not justified in relying on the misrepresentations alleged in his second count. He knew, just as well as the defendants did, what he had accomplished during the first several months of his employment by COSI. He presumably had read his employment contract, *see Pimpinello v. Swift & Co.,* 253 N.Y. 159, 170 N.E. 530 (1930), and understood the termination

provision contained in Paragraph Five of that contract. Possessed of all of the relevant facts, he could and should have decided for himself whether defendants' representations were accurate. *See Royal Am. Managers,* 885 F.2d at 1016; 60 N.Y.Jur.2d *Fraud & Deceit* § 143. Plaintiff's second count is dismissed as to all defendants because, in the absence of justifiable reliance, plaintiff fails to state a claim for fraud.

*Third Count*

■ The third count of the complaint alleges that COSI had an obligation, under its agreement with DFI, not to breach any employment agreement into which it entered with Sudul; that Sudul was a third-party beneficiary of this provision of the COSI–DFI agreement; and that COSI violated this provision by prematurely terminating Sudul. This claim essentially duplicates plaintiff's claim for breach of the employment agreement, involving the same promisor, the same acts of breach and the same measure of damages. The court strikes it as redundant pursuant to Federal Rule of Civil Procedure 12(f).

*Fourth Count*

■ In the fourth count of his amended complaint, plaintiff claims that all four defendants induced him to enter into the employment agreement by promising that COSI would honor its obligations under that agreement, even though the defendants did not actually intend that COSI would do so. Sudul further alleges that he was in "a legal and economic position to control the significant assets and future of DFI and its business," and that defendants' misrepresentations led him to surrender this control by entering into the employment agreement. Am.Compl. ¶ 28.

■ In general, mere allegations of breach of contract do not give rise to a claim for fraud, *e.g. Scally v. Simcona Elec. Corp.,* 135 A.D.2d 1086, 523 N.Y.S.2d 307 (1987); *Trusthouse Forte (Garden City) Management, Inc. v. Garden City Hotel, Inc.,* 106 A.D.2d 271, 483 N.Y.S.2d 216 (1984), or fraudulent inducement, *e.g. C.B. W. Fin. Corp. v. Com-*

*puter Consoles, Inc.,* 122 A.D.2d 10, 504 N.Y.S.2d 179, 182 (1986); *Wegman v. Dairylea Coop., Inc.,* 50 A.D.2d 108, 376 N.Y.S.2d 728, 734–35 (1975), *appeal dismissed,* 38 N.Y.2d 918, 382 N.Y.S.2d 979, 346 N.E.2d 817 (1976), under New York law. However, New York's Court of Appeals has held that a contracting party can be held liable for fraud when, at the time he made a promise, he did not intend to keep it. *Channel Master Corp. v. Aluminum Ltd. Sales, Inc.,* 4 N.Y.2d 403, 176 N.Y.S.2d 259, 151 N.E.2d 833 (1958); *Sabo v. Delman,* 3 N.Y.2d 155, 164 N.Y.S.2d 714, 143 N.E.2d 906 (1957).

A long line of New York courts have carved out an exception to the rule laid down in *Sabo* and *Channel Master. See, e.g., Locascio v. Aquavella,* 185 A.D.2d 689, 586 N.Y.S.2d 78 (1992); *Lustig v. Anywear, Inc.,* 145 A.D.2d 328, 535 N.Y.S.2d 694 (1988); *Gordon v. Dino De Laurentiis Corp.,* 141 A.D.2d 435, 529 N.Y.S.2d 777 (1988); *Comtomark v. Satellite Communications Network,* 116 A.D.2d 499, 497 N.Y.S.2d 371 (1986); *Spellman v. Columbia Manicure Mfg. Co.,* 111 A.D.2d 320, 489 N.Y.S.2d 304 (1985); *Tesoro Petroleum Corp. v. Holborn Oil Co.,* 108 A.D.2d 607, 484 N.Y.S.2d 834, *appeal dismissed,* 65 N.Y.2d 637 (1985); *L. Fatato, Inc. v. Decrescente Distrib. Co.,* 86 A.D.2d 600, 446 N.Y.S.2d 120 (1984); *Chase v. United Hosp.,* 60 A.D.2d 558, 400 N.Y.S.2d 343 (1977). These courts have held that, where a fraud claim arises out of the same facts as plaintiff's breach of contract claim, with the addition only of an allegation that defendant never intended to perform the precise promises spelled out in the contract between the parties, the fraud claim is redundant and plaintiff's sole remedy is for breach of contract. These courts have adopted, in varying degrees, the reasoning first articulated in *Briefstein v. P.J. Rotondo Constr. Co.,* 8 A.D.2d 349, 187 N.Y.S.2d 866, 868 (1959), a case decided shortly after *Channel Master* and *Sabo:*

> To say that a contracting party intends when he enters an agreement not to be bound by it is not to state 'fraud' in an actionable area, but to state a willingness to risk paying damages for breach of contract. . . .

. . . The policy which runs through the the fabric of the law of contracts is to bind a party by what he agrees to do whether or not he intends to do what he agrees.

Implicit in the policy sanctioning the formalization of contractual undertakings is precaution against an existing intention not to be bound by the agreement as well as future a future change of mind about being bound by it. Actionable relief hangs on breach; and under the facts here pleaded, relief does not lie for fraud resting on an intention not to perform.

New York's Court of Appeals has not, in the 35 years following *Rotondo,* expressed its disapproval of this reasoning or reversed the holding of any case relying on such logic. *See Best W. Int'l, Inc. v. CSI Int'l Corp.,* 1994 WL 465905, at *4–*6, 1994 U.S. Dist. LEXIS 11815, at *12–*18 (S.D.N.Y. Aug. 23, 1994). Indeed, in *Rocanova v. Equitable Life Assurance Soc. of the United States,* 83 N.Y.2d 603, 612 N.Y.S.2d 339, 343, 634 N.E.2d 940, 944 (1994), the Court of Appeals paraphrased, with approval, the reasoning given by the court below for dismissal of a fraud claim which accompanied plaintiff's claims for breach of contractual obligations:

> Rocanova cannot maintain a claim for punitive damages based on his undismissed cause of action for breach of the implied covenant of good faith and fair dealing. Rocanova fails to demonstrate that he was personally aggrieved by tortious conduct arising out of his contractual relationship with Equitable. Indeed, the courts below have dismissed all of Rocanova's tort claims. In particular, Supreme Court dismissed Rocanova's fraud claim on the ground that a contract action cannot be converted to one for fraud merely by alleging that the contracting party did not intend to meet its contractual obligations.

The court concludes that a plaintiff such as the one in the present case should not be allowed to bootstrap a breach of contract claim into a fraud claim by simply including in his complaint an allegation that defendant never intended to uphold his end of the deal. Unlike the defendants in *Channel Master* and *Sabo,* the defendants here allegedly lied only about their intention to carry out the

express terms of the contract between plaintiff and COSI. Sudul's complaint mentions no false promises regarding "collateral or extraneous" matters made by the defendants. *Spellman v. Columbia Manicure Mfg. Co., Inc.,* 111 A.D.2d 320, 489 N.Y.S.2d 304, 307 (1985). Plaintiff also does not allege that any defendant owed a non-contractual duty to him which might support a tort or constructive fraud claim. *See Tesoro Petroleum Corp. v. Holborn Oil Co.,* 108 A.D.2d 607, 484 N.Y.S.2d 834, 835, *appeal dismissed,* 65 N.Y.2d 637 (1985); *cf. Rocanova,* 83 N.Y.2d 603, 612 N.Y.S.2d at 342–43. Finally, although Sudul alleges various speculative injuries to his career prospects and peace of mind, *see* Am.Compl. ¶¶ 28, 30–31; *Mihalakis v. Cabrini Medical Ctr.,* 151 A.D.2d 345, 542 N.Y.S.2d 988, 989 (1989), *appeal dismissed in part, denied in part, motion dismissed,* 75 N.Y.2d 790, 552 N.Y.S.2d 98, 551 N.E.2d 591 (1990), the only concrete loss to which he can point is the loss of his future salary under the employment agreement: contract damages, not fraud damages. The fraud claim contained in plaintiff's fourth count is thus dismissed as to all defendants.

*Fifth Count*

Plaintiff's fifth count, although designated a separate claim for fraud, simply incorporates all of the factual allegations made elsewhere in the complaint and claims that defendants' actions have diminished plaintiff's employability and sense of wellbeing. No theory of recovery is provided. The fifth count is thus dismissed as to all defendants for failure to state a claim.

SO ORDERED.