■ C. DAVID WEST et al., Respondents, v JOHN S. SZWALLA, JR., Appellant, et al., Defendants. [650 NYS2d 465] —White, J. Appeal from an order of the Supreme Court (Coutant, J.), entered October 26, 1995 in Broome County, which, *inter alia*, granted plaintiffs' motion for summary judgment.

For approximately one year prior to July 1, 1994, defendant John S. Szwalla, Jr. (hereinafter defendant) rented premises owned by plaintiffs in the City of Binghamton, Broome County. During that time, he discovered that the roof leaked to the extent the premises sustained water damage. Defendant, nevertheless, purchased the premises on the aforementioned date, executing a bond and mortgage to plaintiffs in the amount of $52,000 plus interest that was to be repaid in monthly installments until July 1, 1997 when a balloon payment was due. Following defendant's nonpayment of several monthly payments and taxes, plaintiffs commenced this foreclosure action. After the exchange of pleadings, plaintiffs moved for summary judgment. Supreme Court granted the motion and dismissed defendant's counterclaim for fraud or reformation of the terms of the note and mortgage. This appeal ensued.

Because plaintiffs made an initial prima facie showing of entitlement to summary judgment by the production of the mortgage documents and proof of defendant's default (see, *Bank Leumi Trust Co. v Lightning Park*, 215 AD2d 246, 247), it became defendant's burden to come forward with admissible evidence showing the existence of a triable issue of fact (see, *Zuckerman v City of New York*, 49 NY2d 557, 562).

We find that he did not meet this burden and, accordingly, affirm. Defendant's unsubstantiated claim that plaintiffs' attorney orally assured him that his late monthly payments were not a problem contradicts the terms of the note and mortgage and is insufficient to create an issue of fact (see, *City*

*of New York v Grosfeld Realty Co.*, 173 AD2d 436, 437). Further, his claim of tender is deficient in that it is not supported by an affidavit detailing the amount and form of the funds that were purportedly tendered (*see, National Sav. Bank v Hartmann*, 179 AD2d 76, 78, *lv denied* 79 NY2d 759). Lastly, defendant's contention that plaintiffs fraudulently induced him to enter into the mortgage transaction by falsely representing that the roof on the premises was adequate lacks merit since he cannot claim reliance on plaintiffs' representation as he was aware of the roof's condition and should have decided for himself if the representation was accurate (*see, Sudul v Computer Outsourcing Servs.*, 868 F Supp 59, 61). Moreover, even without such knowledge, defendant cannot claim reliance inasmuch as he could have discovered the truth with due diligence (*see, Sado v Ellis*, 882 F Supp 1401, 1407; *East 15360 Corp. v Provident Loan Socy.*, 177 AD2d 280, 281). Defendant's remaining arguments have been considered and rejected as being without merit.

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.