**BRIDGEWAY CORPORATION,**
Plaintiff,

v.

**CITIBANK, N.A., Defendant.**

**Nos. 97 CIV. 8884(DC),**
**00 CIV. 3598(DC).**

United States District Court,
S.D. New York.

March 2, 2001.

---

Sokolow, Dunaud, Mercadier & Carreras LLP by Michael J. Calvey, New York City, for Plaintiff.

Levi, Lubarsky & Feigenbaum LLP by J. Kelley Nevling, Jr., New York City, for Defendant.

## MEMORANDUM DECISION

CHIN, District Judge.

In November 1992, plaintiff Bridgeway Corporation ("Bridgeway") sued defendant Citibank, N.A. ("Citibank"), in Monrovia, Liberia, to recover monies it deposited in Citibank's Liberian branch. After the Supreme Court of Liberia granted judgment against defendant in the amount of US$189,376.66 (the "Liberian judgment"), plaintiff sought to enforce the Liberian judgment in the United States. On March 31, 1999, this Court denied plaintiff's motion for summary judgment and granted, *sua sponte,* summary judgment for defendant after finding as a matter of law that the Liberian judicial system did not comport with the requirements of due process. *Bridgeway Corp. v. Citibank,* 45 F.Supp.2d 276, 287–88 (S.D.N.Y.1999). The Second

Circuit affirmed. *Bridgeway Corp. v. Citibank,* 201 F.3d 134 (2d Cir.2000).

Plaintiff now moves to be relieved from the March 31, 1999, judgment and for leave to file an amended complaint. Defendant opposes plaintiff's motion and also moves to dismiss the complaint, arguing that (1) plaintiff's claims—breach of contract, fraud, and unjust enrichment—are untimely, (2) plaintiff failed to state a claim for breach of contract, (3) plaintiff failed to plead fraud with particularity, and (4) plaintiff failed to state a claim for unjust enrichment. For the reasons set forth below, plaintiff's motion to be relieved from the March 31, 1999, judgment and to file an amended complaint is granted, and defendant's motion to dismiss the complaint is denied in part and granted in part.

## BACKGROUND

### A. Factual Background

The underlying facts of this action are detailed in this Court's March 30, 1999, opinion. *Bridgeway,* 45 F.Supp.2d at 280–82.

### B. Prior Proceedings in New York Courts

In October, 1997, plaintiff brought an action in New York State Supreme Court, pursuant to Article 53 of the C.P.L.R., to enforce the Liberian judgment against defendant. The action was brought by the filing of a motion for summary judgment in lieu of a complaint, as permitted by § 3213 of the C.P.L.R. (Calvey Certif. ¶ 9). Defendant removed the action to the Southern District of New York. Because the federal rules do not provide for litigation of an action solely upon a summary judgment motion, plaintiff filed a complaint on February 27, 1998, which was two pages in length and sought solely the enforcement of the Liberian judgment (the "original action" or "original complaint"). (*See* Nevling Decl., at A3–4). Plaintiff then moved for summary judgment, and,

on March 31, 1999, I denied the motion. Instead, I granted, *sua sponte,* summary judgement in favor of defendant, finding that "at the time the judgment at issue was rendered, the Liberian judicial system was not fair and impartial and did not comport with the requirements of due process." *Bridgeway,* 45 F.Supp.2d at 287. The Second Circuit affirmed.

On May 12, 2000, plaintiff commenced an entirely new action against defendant, docket number 00 Civ. 3598 (the "new action"). The new action seeks recovery for defendant's alleged breach of contract, fraud, and unjust enrichment—in essence, raising, for the first time before this Court, the matters that formed the basis of the Liberian judgment.

On May 26, 2000, plaintiff moved to be relieved from this Court's March 31, 1999, judgment, pursuant to Federal Rules of Civil Procedure Rule 60(b)(6), and to file an amended complaint, which is identical to the complaint filed in the new action. In addition, plaintiff requested that the new action be consolidated with the original action.

Defendant opposes plaintiff's Rule 60(b)(6) motion and motion for leave to amend, and defendant also moves to dismiss the new action.[1]

### DISCUSSION

First, I address plaintiff's Rule 60(b)(6) motion. Then, I shall address plaintiff's motion for leave to file an amended complaint, pursuant to Federal Rules of Civil Procedure Rule 15(a). Finally, I will address defendant's motion to dismiss the amended complaint.[2]

1. Defendant incorporated the arguments in its motion to dismiss the new action into its opposition to plaintiff's 60(b)(6) motion and motion for leave to amend.

2. I am granting plaintiff's request to consolidate the actions—docket numbers 97 Civ.

## I. Relief From Judgment and Leave to File an Amended Complaint

### A. Rule 60(b)(6)

Rule 60(b)(6) provides that a "court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). The rule:

> confers . broad discretion on the trial court to grant relief when appropriate to accomplish justice, . . . [and] it constitutes a grand reservoir of equitable power to do justice in a particular case. . . . It is properly invoked where there are extraordinary circumstances, . . . or where the judgment may work an extreme and undue hardship, . . . and should be liberally construed when substantial justice will thus be served.

*Matarese v. LeFevre,* 801 F.2d 98, 106 (2d Cir.1986) (internal quotations and citations omitted); *accord Manhattan Cable Television, Inc. v. Cable Doctor, Inc.,* 824 F.Supp. 34, 35 (S.D.N.Y.1993) (quoting *Matarese* and granting plaintiff's Rule 60(b)(6) motion and leave to amend).

Here, plaintiff has demonstrated both that extraordinary circumstances exist and that the judgment would work an extreme and undue hardship. The parties, appearing voluntarily, fully litigated this case before the courts of Liberia. Defendant prevailed at the trial court level, and plaintiff ultimately prevailed before the country's Supreme Court, which granted a money judgment for plaintiff. Although I subsequently held that the Liberian judgment was unenforceable as a matter of law because the Liberian judicial system was not compatible with the requirements of due process, there was no finding, or even suggestion, of any wrongdoing or neglect

3598 and 00 Civ. 8884. Accordingly, because the two complaints are identical, I will apply defendant's motion to dismiss the complaint in the new action to plaintiff's amended complaint.

by plaintiff. Indeed, recognizing that defendant had appeared in numerous actions in the Liberian courts and even appeared as the plaintiff in several of those actions, plaintiff had a reasonable basis to believe that the Liberian courts were a proper and acceptable forum for this dispute. *Cf. Carnegie v. Miller*, No. 86 Civ. 8658(KMW), 1991 WL 221102, at *3 (S.D.N.Y. Oct. 16, 1991) (reasoning that because "this case is based on excusable ignorance, and ... that all the litigants in this case were party to this misunderstanding, this court finds it appropriate to exercise it. broad discretion under Rule 60(b)(6)").

Moreover, denial of plaintiff's Rule 60(b)(6) motion would certainly work an undue hardship on plaintiff. Plaintiff has not had an opportunity to have its underlying claims considered by this Court. My March 31, 1999, order was limited solely to plaintiff's motion for summary judgment to enforce the Liberian judgment. I did not consider, nor did either party ask me to consider, the claims underlying that decision. Thus, "[t]o allow the judgment to stand would deny [plaintiff] the opportunity to have its allegations tested under appropriate standards." *Faberge, Inc. v. Wyman*, No. 82 Civ. 6915(JMC), 1987 WL 16279, at *2 (S.D.N.Y. Feb. 25, 1987) (granting plaintiff's Rule 60(b)(6) motion); *cf. DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir.1994) (reversing a district court's granting of a 60(b)(6) because it "inappropriately disturbed a final judgment in a case that had been fully litigated and was long since closed"); *Petersen v. Valenzano*, 803 F.Supp. 875, 877 (S.D.N.Y. 1992) (denying a 60(b)(6) motion because plaintiff was repeating arguments that were previously before the court and "given the full weight of consideration").

Accordingly, because of the extraordinary circumstances of this case and the undue hardship that plaintiff would suffer, plaintiff's motion to be relieved from this Court's March 31, 1999, judgment is granted.

## B. *Rule 15(a)*

Rule 15(a) provides that pleadings may be amended "by leave of court ...; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see also Manhattan Cable Television*, 824 F.Supp. at 36. Defendant argues that plaintiff should not be granted leave to amend because the claims contained therein are time-barred and do not "relate back" to the original complaint, as set forth under Rule 15(c). Specifically, defendant asserts that "Bridgeway's prior pleadings fail to give sufficient notice of the facts essential to its new claims of breach of contract, fraud and unjust enrichment"—the claims that formed the basis of the Liberian judgment. (Def. Opp. Mem., at 15).

Rule 15(c)(2) reads: "An amendment of a pleading relates back to the date of the original pleading when ... (2) the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading ...." Fed. R.Civ.P. 15(c)(2). "[T]he rationale of Rule 15 ... is, quite simply, to ameliorate the effect of the statute of limitations." *Siegel v. Converters Transp., Inc.*, 714 F.2d 213, 216 (2d Cir.1983). Under Rule 15(c), "the essential inquiry in determining whether the new allegations relate back is whether the defendant was given adequate notice that such claims might be made upon examining the facts alleged in the original pleading." *Ainbinder v. Kelleher*, No. 92 Civ. 7315(SS), 1997 WL 420279, at *9 (S.D.N.Y. July 25, 1997) (internal quotation and citation omitted).

Here, there is no doubt that defendant had "adequate notice" that plaintiff might seek to recover the $186,376.66 it claims defendant did not return. The original complaint, filed in this Court in February 1998, sought the enforcement of the Liberian judgment and was based on precisely the same "conduct, transaction[s], [and] occurrence[s]" now raised in the amended complaint. Although it did not delve into

the specifics of the claims underlying the Liberian judgement, the original complaint provided a brief outline of them (*see* Nevling Decl., A3–4, ¶¶ 4–9 (stating that plaintiff deposited money in defendant's branch in Liberia, plaintiff demanded return of the money, and defendant failed and refused to return the money)), making clear that plaintiff sought recovery for all money it deposited in defendant's branch in Liberia. *Accord Tiller v. Atlantic Coast Line R.R. Co.*, 323 U.S. 574, 581, 65 S.Ct. 421, 89 L.Ed. 465 (1945) ("There is no reason to apply a statute of limitations when, as here, [defendant] has had notice from the beginning that [plaintiff] was trying to enforce a claim against it because of the [underlying] events . . . ."). To allow defendant to interpose a statute of limitations defense, on the theory that the underlying claims were not raised in the original complaint, would ignore the fact that the parties fully litigated these precise issues before the courts of Liberia, and that the original complaint was based on the Liberian courts' adjudication of these issues. *See Siegel*, 714 F.2d at 216.

That the original complaint did not specify the causes of action under which plaintiff now seeks to recover its money does not mean that defendant did not have sufficient notice that the claims might be made. The Second Circuit has warned that, "[w]hen a suit is filed in federal court under the Rules, the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be." *Id.* (quotation omitted). The "gist of both the original suit and the amended complaint" was the return of money that plaintiff had deposited with defendant. *Id.; see also White v. White Rose Food*, 128 F.3d 110, 116 (2d Cir.1997) ("Provided the amended pleading is based on the same series of transactions and occurrences alleged in the original pleading, the revised pleading will relate back to the original pleading, even where the revised pleading contains legal theories not included in the original.").

Accordingly, because defendant had sufficient notice of the claims raised in plaintiff's amended complaint, the amended complaint relates back to the original complaint and plaintiff's motion to amend the complaint is granted.[3] I will now consider the merits of plaintiff's claims.

## II. *Motion to Dismiss*

Defendant moves to dismiss the amended complaint on four grounds: (1) plaintiff's claims are time-barred by the applicable statutes of limitations; (2) plaintiff failed to state a claim for breach of contract; (3) plaintiff failed to plead its fraud claim with particularity; and (4) plaintiff failed to state a claim for unjust enrichment. The Court holds that (1) the statutes of limitations should be equitably tolled; (2) plaintiff has failed to plead fraud with particularity; (3) plaintiff has stated a claim for breach of contract; and (4) plaintiff's unjust enrichment claim survives solely as an alternative to the breach of contract claim.

### A. *Legal Standard for Motion to Dismiss*

In reviewing a motion to dismiss, I must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996). A complaint may not be dismissed under Rule 12(b)(6) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In other words, the issue before the Court on

---

**3.** In fact, on November 24, 1999, at oral argument for the original action's appeal, Judge Leval proposed the option of an amended complaint, stating: "One thing [plaintiff] could do is . . . go back to the district judge and ask to amend their complaint . . . in this case . . . to include the claim that was the substance of the Liberian judgment." (Calvey Certif. Ex. B).

these motions to dismiss "is not whether ... plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond., Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995) (citation omitted).

On a motion to dismiss, while a court generally may not consider documents that the plaintiff has neither attached to nor incorporated by reference in the complaint in deciding a Rule 12(b)(6) motion, "an exception to this aspect of Rule 12(b) has developed, however, for documents submitted by defendants in connection with a 12(b)(6) motion where: (1) plaintiffs have undisputed notice of the contents of such documents; and (2) such documents are integral to the plaintiffs' claim." *R.H. Damon & Co. v. Softkey Software Prods., Inc.,* 811 F.Supp. 986, 989 (S.D.N.Y.1993) (citing *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991)).

### B. *Statute of Limitations*

■ Defendant asserts that plaintiff's claims for breach of contract, fraud, and unjust enrichment are all barred by the statutes of limitations under both New York and Liberian law. Given plaintiff's diligence and care in pursuing its claims against defendant, and the circumstances surrounding this case, the Court will equitably toll the limitations period.

■ The Second Circuit "has applied the doctrine [of equitable tolling] as 'a matter of fairness' where a plaintiff has been 'prevented in some extraordinary way from exercising his rights, or has asserted his rights in the wrong forum.'" *Johnson v. Nyack Hosp.,* 86 F.3d 8, 12 (2d Cir.1996) (quoting *Miller v. International Tel. & Tel. Corp.,* 755 F.2d 20, 24 (2d Cir.1985)). Equitable tolling permits a party to sue after the passing of the statute of limitations if the party has acted with reasonable care and diligence. *See id.* (citations omitted); *accord Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) ("We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period.").

Here, plaintiff has certainly acted with reasonable care and diligence in pursuing its claims against defendant. Plaintiff first filed a petition for a declaratory judgment against defendant on November 21, 1992. (Nevling Decl. A376). The trial court rendered judgment in favor of defendant in August 1993. Plaintiff appealed, and on July 28, 1995, the Supreme Court of Liberia reversed the trial court and entered judgment for plaintiff. Defendant then made a number of requests to the Supreme Court of Liberia and the National Bank of Liberia to avoid or satisfy the judgment. These efforts failed.

On October 20, 1997, plaintiff filed suit against defendant in New York State Supreme Court, seeking to enforce the Liberian judgment. Defendant removed the action on December 2, 1997, and I granted summary judgment, *sua sponte,* for defendant on March 31, 1999. The Second Circuit affirmed on January 3, 2000, and plaintiff filed its Rule 60(b)(6) motion on May 26, 2000. Thus, since November 1992, both parties have actively pursued their judicial remedies, litigating in two continents and appearing before trial courts and appellate courts. *Cf. Clymore v. United States,* 217 F.3d 370, 376 (5th Cir.2000) (noting that plaintiff "timely filed his motion in the wrong venue and then promptly refiled it in the right venue after the statute of limitations had run" and, thus, equitably tolling the limitations period); *Meyer v. Frank,* 550 F.2d 726, 729 (2d Cir.1977) ("The plaintiff's conduct particularly his diligence in pressing his claim ... is taken into account.").

Moreover, as already discussed, enforcement of the statutes of limitations would prevent plaintiff from having its day in court. This Court has already refused to enforce the judgment plaintiff received from the Liberian Supreme Court. The

Court declines to penalize plaintiff by denying plaintiff its opportunity to be heard on the merits of its case against defendant. *Accord Wilson v. Marchington,* 127 F.3d 805, 815 n. 10 (9th Cir.1997) ("[E]quitable tolling would prevent the assertion of a statute of limitations defense against [plaintiff] based on the passage of time litigating in tribal and federal court if [plaintiff] elects to refile her complaint in state or federal court following remand."). Accordingly, the statutes of limitations for plaintiff's claims of breach of contract, fraud, and unjust enrichment are equitably tolled.

### C. *Plaintiff's Claims*

#### 1. *Fraud*

■  Plaintiff alleges that it was:

induced to enter into its contract with [defendant], and to deposit U.S. dollars in account No. B35677, upon the representations of [defendant] that these monies were to be repaid in U.S. dollars, and would not have entered into this contract nor deposited this money but for [defendant]'s fraudulent withholding of the fact that it intended to repay the amounts in local currency if that proved more beneficial to [defendant].

(Am.Compl.¶ 23). Defendant argues that plaintiff has failed to satisfy the heightened pleading requirements of Rule 9(b) for claims of fraud. I agree.

■  Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b). To plead fraud with "particularity," the amended complaint must: (1) specify the statements that plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent. *See Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 51 (2d Cir.1995) (citations omitted). Plaintiff must also allege facts that give rise to a strong infer-

ence of fraudulent intent. *Id.* at 52; *see also Shields v. Citytrust Bancorp., Inc.,* 25 F.3d 1124, 1128 (2d Cir.1994). Here, plaintiff has not satisfied any of these elements. (*See* Am. Compl. ¶¶ 19–26).

The amended complaint does not specify what statements were fraudulent. It does not allege who made the allegedly fraudulent statements or who was involved in the allegedly fraudulent conduct. There is no allegation of where or when the statements were made, and plaintiff does not allege facts that give rise to a strong inference of defendant's fraudulent intent.

■  Moreover, it is well settled under New York law that a plaintiff cannot convert a breach of contract claim into a fraud claim merely by adding "an allegation that defendant never intended to uphold [its] end of the deal." *Sudul v. Computer Outsourcing Services, Inc.,* 868 F.Supp. 59, 62 (S.D.N.Y.1994). As Judge Martin explained in *Sudul:*

where a fraud claim arises out of the same facts as plaintiff's breach of contract claim, with the addition only of an allegation that defendant never intended to perform the precise promises spelled out in the contract between the parties, the fraud claim is redundant and plaintiff's sole remedy is for breach of contract.

*Id.* (citing New York cases).

Here, as paragraph 23 of the amended complaint makes clear, plaintiff alleges that defendant defrauded it because defendant only intended to repay plaintiff in U.S. dollars "if that proved more beneficial to [defendant]." Hence, the fraud claim is "redundant," and plaintiff's "sole remedy" is for breach of contract.

■  The Second Circuit has explained that a fraud claim in the context of a failure to perform under a contract may be brought in three circumstances: (1) there exists a legal duty separate from the duty to perform under the contract; (2) there exists "a fraudulent misrepresentation collateral or extraneous to the contract"; or

(3) the misrepresentation causes special damages that are "unrecoverable" as contract damages. *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.,* 98 F.3d 13, 20 (2d Cir.1996). Here, the amended complaint fails to allege the existence of any of these circumstances.

Accordingly, plaintiff's cause of action for fraud is dismissed.

### 2. *Breach of Contract*

■ Under New York law, for an actionable breach of contract claim, plaintiff must allege (1) the existence of an agreement, (2) performance of the contract by plaintiff, (3) breach of the agreement by defendant, and (4) damages. *See Harsco Corp. v. Segui,* 91 F.3d 337, 348 (2d Cir. 1996); *D'Accord Financial Services v. Metsa–Serla Oy,* No. 98 Civ. 5847(DLC), 1999 WL 58916, at *2 (S.D.N.Y. Feb. 8, 1999). Each element need not be separately pleaded. *Spirit Partners, L.P. v. audiohighway.com,* No. 99 Civ. 9020(RJW), 2000 WL 685022, at *3 (S.D.N.Y. May 25, 2000). Plaintiff must simply provide "a short and plain statement of the claim[ ] showing that [it is] entitled to relief." Fed.R.Civ.P. 8(a)(2); *see also Spirit Partners,* 2000 WL 685022, at *3. Here, plaintiff has sufficiently pleaded a breach of contract claim.

■ There is no dispute that, in June 1982, plaintiff began depositing money in defendant's Liberian branch in savings account No. B35667. Plaintiff alleges that it "maintained account No. B35667 pursuant to a contract with [defendant]. . . . Under the terms of that contract, [defendant] was obligated to return the balance in account No. B35667 in U.S. dollars . . . ." (Am. Compl.¶¶ 14–15). In addition, plaintiff alleges that "in a January, 1990, letter agreement with [plaintiff], [defendant] further agreed to repay any balances in the subject account in U.S. dollars." (*Id.* ¶ 16).

In November 1992, plaintiff demanded return of its money "in U.S. dollars." (*Id.*

¶¶ 9, 15). Defendant refused, and plaintiff alleges that it has been damaged in the amount of $189,376.66. (*Id.* ¶¶ 17, 18).

Accordingly, accepting plaintiff's factual allegations as true and drawing all inferences in its favor, plaintiff has shown that it is entitled to offer evidence to support its breach of contract claim. Defendant's motion to dismiss the claim, therefore, is denied.

### 3. *Unjust Enrichment*

■ Generally, quasi-contractual relief, such as unjust enrichment, is not permitted when an express agreement exists that governs the dispute between the parties. *See Clark–Fitzpatrick, Inc. v. Long Island R.R. Co.,* 70 N.Y.2d 382, 388, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987) (citations omitted). Because there is a dispute as to defendant's obligations under the contract, however, plaintiff's unjust enrichment claim survives, although solely as an alternative to the breach of contract claim. *See* Fed.R.Civ.P. 8(e)(2) ("When two or more statements [of a claim] are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements."); *Seiden Assocs., Inc. v. ANC Holdings, Inc.,* 754 F.Supp. 37, 40 (S.D.N.Y.1991) ("Dismissal of plaintiff's alternative theories at this stage would violate the liberal policy of Rule 8(e)(2) which allows plaintiffs wide 'latitude' in framing their right to recover." (citation omitted)).

### CONCLUSION

Plaintiff's motion for relief from the March 31, 1999, judgment and to file an amended complaint is granted.

Defendant's motion to dismiss plaintiff's amended complaint on statute of limitations grounds is denied, as is its motion to dismiss plaintiff's breach of contract and unjust enrichment claims. Its motion to dismiss plaintiff's fraud claim is granted.

The parties shall appear for a pre-trial conference on March 12, 2001, at 3 p.m., in Courtroom 11A, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York.

SO ORDERED.