■ S&D MAINTENANCE CO., INC., Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent.—Order and judgment of the Supreme Court, New York County (Shirley Fingerhood, J.), entered August 9, 1989 and September 6, 1989, respectively, which granted plaintiff's motion for partial summary judgment and entered judgment in the amount of $2,226,470.44, comprising plaintiff's 1986 contract claims, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of holding entry of judg-

ment in abeyance (CPLR 3212 [e] [2]) with leave to plaintiff to move for entry six months after the date of this order and, except as so modified, affirmed, without costs.

Defendant city withheld payment due under a 1986 contract for the maintenance of parking meters, claiming that plaintiff was negligent in failing to effect timely repair of meters under a 1984 contract for the same service. In its counterclaim, the city alleges that, as a result, it sustained over $3.5 million in damages. It further alleges that investigation of possible corruption in the award of the 1984 contract is still "ongoing".

Plaintiff charges that the city fraudulently induced it to enter into the 1986 contract. It contends that knowledge of a city audit and a criminal investigation by the United States Attorney's office into the award of the 1984 contract caused the city to enter into the subsequent contract with no intention of making any payment thereunder. The city concedes that its defenses to plaintiff's action relate only to the 1984 contract, but alleges that plaintiff is in a precarious financial condition. It therefore urges that judgment on plaintiff's 1986 contract claims be stayed as security for payment of any judgment the city might obtain under the 1984 contract. The results of the audit of the city's payments under the 1984 contract are disputed by plaintiff, which blames any financial difficulties it may have experienced on the city's breach of the 1986 contract.

In the opinion of this court, the investigation into the award of the 1984 contract and plaintiff's performance thereunder should be brought to an expeditious conclusion. The city's claim for damages is based only upon its extrapolation of a three-month "test" of plaintiff's compliance with prescribed inspection and repair procedures, from which it derives an "estimated loss" of revenue. While a stay of enforcement is presently warranted to avoid prejudice to the city *(Pease & Elliman v 926 Park Ave. Corp.,* 23 AD2d 361, *affd* 17 NY2d 890; *cf., Stigwood Org. v Devon Co.,* 44 NY2d 922; *Trans World Maintenance Servs. v Luna Park Hous. Corp.,* 157 AD2d 586), its duration is appropriately limited to avoid hardship to plaintiff *(Dalminter, Inc. v Dalmine, S.p.A.,* 29 AD2d 852, *affd* 23 NY2d 653).

As to plaintiff's cross appeal, we agree that plaintiff's fraud claim was properly dismissed because it arises out of the identical facts and circumstances as its action for breach of contract *(Spellman v Columbia Manicure Mfg. Co.,* 111 AD2d 320, 322-324; *Wegman v Dairylea Coop.,* 50 AD2d 108, 113;

*Briefstein v Rotondo Constr. Co.,* 8 AD2d 349, 351). Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.