■ GRAUBARD MOLLEN DANNETT & HOROWITZ, Respondent-
Appellant, v IRVING MOSKOVITZ et al., Appellants-Respondents.
[612 NYS2d 39] —Order, Supreme Court, New York County
(Shirley Fingerhood, J.), entered January 22, 1993, which,
*inter alia,* denied defendants' renewed motion for summary
judgment, and plaintiff's renewed motion for partial summary
judgment on the issue of liability for breach of fiduciary duty,
and order of the same court and Justice entered June 11,
1993, which *inter alia,* granted Moskovitz' motion for reargu-
ment and, upon reargument, denied his motion for summary
judgment, unanimously affirmed, without costs.

In this action by a law firm alleging, *inter alia,* fraud,
aiding and abetting fraud, breach of contract, aiding and
abetting breach of contract, breach of fiduciary duty, and
unjust enrichment in connection with defendants' withdrawal
from the firm and alleged solicitation of major clients after
executing and participating in a retirement program, the
court properly refused to grant defendants summary judgment
on the fraud claims based on allegations of fraudulent misrep-
resentation of present intent " 'for the purpose of inducing
another to act or refrain from action in reliance thereon in a
business transaction' " *(Channel Master Corp. v Aluminium
Ltd. Sales,* 4 NY2d 403, 407, quoting Restatement of Torts
§ 525, at 59). The court properly found the existence of a
question of fact as to whether, at the time the retirement
agreement was executed, defendant Moskovitz intended to use
his best efforts to integrate his clients into plaintiff firm. The
court also found sufficient evidence to preclude dismissal of

the aiding and abetting claims against the other defendants. Further, questions of fact existed as to whether the preresignation communications with clients were actionable in violation of defendants' fiduciary duty to the firm if such resulted in solicitation of the clients for defendants' own benefit *(see, Matter of Silverberg [Schwartz],* 81 AD2d 640). The court also properly refused to strike certain deposition testimony, as comments claimed to be non-responsive were explanations of the ultimate answers. Finally, the court properly refused to award defendant Young summary judgment on his counterclaim to recover capital contributions as the opposing claim was for a substantially greater amount *(Illinois McGraw Elec. Co. v John J. Walters, Inc.,* 7 NY2d 874). We have considered the other arguments and find them to be without merit. Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.