■ S.G. SCHIMENTI, Appellant, v WHITMAN & RANSOM, Respondent. [617 NYS2d 742] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 21, 1993, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

This action for legal malpractice based upon defendant's alleged failure, in representing plaintiff as a subordinate lienor in several mortgage foreclosure proceedings, to investigate and discover claimed fraud and collusion by the borrower and the senior lienor bank, was properly dismissed on the ground that defendant had no reason to believe, at any relevant time, that such an investigation was necessary, and no duty, as the IAS Court aptly explained, "to draw up a list of possible misuses of plaintiff's money, and then unleash a team of investigators, lawyers, and accountants to see if any misuse theory held water".

And, even if, arguendo, defendant did have such a duty, the malpractice claim would still not be viable absent any showing that "but for" the breach thereof, plaintiff would have prevailed in his fraud defense in the foreclosure proceedings *(see, Grace & Co. v Tunstead, Schechter & Torre,* 186 AD2d 15, 19). The affidavits of the borrower's former architect, stating that the funds purportedly advanced by the bank exceeded the estimated cost of the actual improvements made on the lots, did not show the requisite element of a present intent to defraud *(cf., e.g., Graubard Mollen Dannett & Horowitz v Moskovitz,* 204 AD2d 218; *Wiscovitch Assocs. v Philip Morris Cos.,* 193 AD2d 542, 543).

While an action for breach of contract may be based upon the breach of an implied duty of due care, even in the absence of an express promise by the attorney to obtain a specific result *(Santulli v Englert, Reilly & McHugh,* 78 NY2d 700, 706), here the facts adduced support neither the contract claim nor the claim for breach of fiduciary obligation.

Defendant's acts, even if assumed to be improper, which they were not, did not constitute "deceptive acts" within the meaning of General Business Law § 349, which contemplates a recurring, consumer type of transaction affecting the public interest *(see, Genesco Entertainment v Koch,* 593 F Supp 743, 751-752; *see also, Varela v Investors Ins. Holding Corp.,* 81 NY2d 958, 961), rather than a solitary private commercial transaction.

We have considered plaintiff's other contentions and find them to be without merit. Concur—Carro, J. P., Rosenberger, Ellerin, Nardelli and Tom, JJ.