■ CAROL PATON, Appellant-Respondent, v KUTNER & LYNCH et al., Respondents-Appellants, and HARRY H. KUTNER, JR., Respondent. [626 NYS2d 792] —Order, Supreme Court, New York County (Joan Lobis, J.), entered February 2, 1994, which, in an action for legal malpractice based upon defendants' failure to timely file an adversary proceeding in Bankruptcy Court challenging the dischargeability of a debt owed to plaintiff, *inter alia,* denied plaintiff's motion for partial summary judgment and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

As the IAS Court explained, the State court judgment representing the debt in question adjudicated only plaintiff's contract claims. Plaintiff's fraud claim was severed for future adjudication and unlike a contract claim, would not be dischargeable in bankruptcy (11 USC § 523 [a] [2] [A]). Therefore it remains an open question whether plaintiff would have been able to prove such fraud in an adversary proceeding by a preponderance of the evidence *(see, Grogan v Garner,* 498 US 279, 286 [under Bankruptcy Code]; *cf., Simcuski v Saeli,* 44 NY2d 442, 452; *Orbit Holding Corp. v Anthony Hotel Corp.,* 121 AD2d 311, 314 [clear and convincing evidence standard in State court]), " 'but for' " defendants' failure to timely file therefor *(Schimenti v Whitman & Ransom,* 208 AD2d 470). We note that a Bankruptcy Court can look behind the judgment and examine evidence beyond the State court record in determining dischargeability *(In re Daley,* 776 F2d 834, 838, *cert denied sub nom. Daley v Frank,* 476 US 1159). Concur—Rosenberger, J. P., Ellerin, Rubin, Ross and Tom, JJ.