■ BIG APPLE CAR, INC., Respondent, v CITY OF NEW YORK et al., Appellants. [650 NYS2d 730] —Order, Supreme Court, New

York County (Louis York, J.), entered June 9, 1995, which, *inter alia,* denied defendants' motion for summary judgment on their fourth counterclaim asserting breach of contract and granted plaintiff's cross-motion for leave to amend its complaint to assert causes of action for fraud in the inducement, unanimously modified, on the law, only to the extent of denying plaintiff's motion for leave to amend its complaint and, as so modified, the order is affirmed, without costs.

In this action arising from various contracts awarded to plaintiff since 1984 for the transportation, on an emergency basis, of Human Resources Administration (HRA) staff and children under their care, it is uncontested that, sometime in 1987, defendants became aware that false and fraudulent vouchers had been submitted by plaintiff for payment. It was also clear that employees of HRA were involved in approving the fraudulent vouchers. Both parties claim they are the victims, plaintiff because the City has refused to pay all vouchers outstanding without regard to whether they were bona fide and the City because it claims plaintiff is responsible for perpetrating a massive fraud on HRA.

On the prior appeal (204 AD2d 109), we held that it was proper for the City to have terminated the contracts on December 2, 1988, since it had an absolute right to do so, on 10 days' notice, under the terms of the contract. Further, we held that the fraud defenses and counterclaims were proper even though the City had knowledge of the fraud but, nevertheless, continued to award contracts to plaintiff between August and December 1988. Such ruling was based upon the uncontroverted proof that those later contracts were awarded in order to allow Federal and State authorities to conduct an investigation into the actions of plaintiff and its drivers and the HRA workers. Following this investigation, 25 drivers and four HRA workers pleaded guilty to criminal fraud and a City audit revealed that plaintiff submitted many vouchers which, on their face, were fraudulent.

As a result of our prior decision, plaintiff was left with causes of action for an account stated and its claim that the City wrongfully withheld moneys owed under the terminated contracts. Thereafter, the City moved for summary judgment on its fourth counterclaim, alleging that plaintiff breached the contracts by submitting false vouchers and asserting the City's right under the contracts to withhold a setoff for the fraudulent billings, and for summary judgment dismissing the complaint. Plaintiff opposed and cross moved, *inter alia,* to amend its complaint to add four additional causes of action alleging

that the City committed fraud in the inducement by entering into the 1988 contracts with plaintiff that it did not intend to fulfill.

We agree with the IAS Court's denial of the City's motion for summary judgment on its fourth counterclaim and its dismissal of plaintiff's claims for an account stated after the City's cancellation of the contracts. However, leave to amend the complaint to add causes of action for fraudulent inducement should not have been granted. In our earlier decision, we rejected this as a basis for dismissing the City's fraud defenses inasmuch as it was conceded that the contracts were entered into between August and December 1988 in order to allow the criminal investigation to go forward. Plaintiff may maintain causes of action for breach of contract and for an account stated for the services performed under those contracts, but it may not simultaneously pursue causes of action for fraud in the inducement to enter into those contracts (*see*, *S&D Maintenance Co. v City of New York*, 169 AD2d 417, 418-419). The case relied upon by the IAS Court, *Graubard Mollen Dannett & Horowitz v Moskovitz* (204 AD2d 218, *affd* 86 NY2d 112), is not to the contrary. In that case, there were allegations of misrepresentation and fraud extraneous to the resignation agreement sued on by plaintiff. Here, the allegations of fraudulent inducement relate to the contract itself and damages may be recovered for its breach. Concur—Sullivan, J. P., Rosenberger, Kupferman, Tom and Mazzarelli, JJ.