NICHOLAS COPPOLA, Appellant, v APPLIED ELECTRIC CORP. et al., Respondents. [732 NYS2d 402] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered July 11, 2000, which, to the extent appealed from as limited by the brief, granted that branch of defendants' motion pursuant to CPLR 3211 seeking dismissal of plaintiff's cause of action for fraud for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff's fraud claim, based on the allegation that defendant Herman harbored the undisclosed intention from the outset to never comply with the parties' stock purchase agreement, was properly dismissed as merely duplicative of his breach of contract cause of action. Assuming the truth of plaintiff's allegations and according him every possible favorable inference to determine only whether the facts alleged fit within any cognizable legal theory (*Leon v Martinez*, 84 NY2d 83, 87-88; *Batas v Prudential Ins. Co.*, 281 AD2d 260), it is clear that the claimed fraud was not collateral or extraneous to the contract (*see, Glanzer v Keilin & Bloom*, 281 AD2d 371; *First Bank v Motor Car Funding*, 257 AD2d 287, 291-292; *Morgan Knitting Mills v Reeves Bros.*, 243 AD2d 422), did not allege any damages, including those for foregone opportunities, that would not be recoverable under a contract measure of damages (*see, Makastchian v Oxford Health Plans*, 270 AD2d 25, 27; *Morgan Knitting Mills v Reeves Bros., supra*) and failed to plead a breach of duty separate from a breach of the contract (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316; *First Bank v Motor Car Funding, supra*; *Non-Linear Trading Co. v Braddis Assocs.*, 243 AD2d 107, 118-119).

Contrary to plaintiff's argument, the alleged fraud in *Graubard Mollen Dannett & Horowitz v Moskovitz* (86 NY2d 112) was collateral or extraneous to the breach of contract claim (*see, Big Apple Car v City of New York*, 234 AD2d 136, 138). The alleged undisclosed fraudulent intent in *Graubard* related to an additional oral assurance not embodied in the terms of the agreement that was allegedly breached, and such intent was not asserted in conclusory fashion but was evidenced by defendant's conduct shortly after entering into the agreement.

Finally, with respect to the additional claim that defendants failed to disclose that Applied was operating with substantial debt, which claim was set forth, not in plaintiff's pleadings or in any accompanying affidavit but only in his attorney's memorandum of law in opposition, the IAS court aptly noted that plaintiff had failed to state either how any such omission affected his decision to enter into the agreement with defendants or how it was a proximate cause of any claimed loss. Concur—Williams, J. P., Andrias, Wallach, Lerner and Saxe, JJ.