Marshall v Fleming (2018 NY Slip Op 03441)





Marshall v Fleming


2018 NY Slip Op 03441


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Richter, J.P., Manzanet-Daniels, Webber, Oing, Moulton, JJ.


651067/13 6517 6516

[*1]Margaret Lesley Marshall, et al., Plaintiffs-Respondents,
v
Francis G. Fleming, et al., Defendants-Appellants.


Kreindler & Kreindler LLP, New York (Megan W. Benett of counsel), for appellants.
Newhouse & Shey LLP, New York (John Newhouse of counsel), for respondents.



Judgment, Supreme Court, New York County (Joan A. Madden, J.), entered September 14, 2015, in favor of plaintiffs in the principal amount of a foreign judgment entered in their favor, unanimously modified, on the law and the facts and in the interest of justice, to stay enforcement of the judgment as indicated below, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered May 8, 2014, which granted plaintiffs' motion for summary judgment in lieu of complaint and denied defendants' cross motion to dismiss the complaint or, alternatively, to stay enforcement of the foreign judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The foreign judgment arises from an award of litigation costs in an action brought by plaintiffs, the widow and son, respectively, of the late Neil Marshall, in New South Wales, Australia. Defendants are partners in the New York-based law firm that represented Neil Marshall's estate in a wrongful death action in Pennsylvania.
The motion court properly recognized the Australian judgment, which was "final, conclusive and enforceable where rendered" (CPLR 5302). The grounds set forth in CPLR 5304 for non-recognition are inapplicable. Contrary to defendants' contention, the Australian judgment is not repugnant to New York's statute of limitations (see CPLR 5304[b][4]). The judgment did not arise from a time-barred claim; it represents the costs associated with defendants' unsuccessful motion to dismiss the Australian action on the ground of forum non conveniens. Recognition here would not be "the approval of a transaction which is inherently vicious, wicked or immoral, and shocking to the prevailing moral sense" (Intercontinental Hotels Corp. [Puerto Rico] v Golden, 15 NY2d 9, 13 [1964]; see also Blacklink Transp. Consultants Pty Ltd. v Von Summer, 18 Misc 3d 1113[A], 2008 NY Slip Op 50017[U], *5 [Sup Ct, NY County 2008]).
The alleged fraud (CPLR 5304[b][3]) is comprised of subsequent conduct, and therefore could not have been "practiced in the very act of obtaining the judgment" (Matter of Holden, 271 NY 212, 218 [1936]). Further, the Australian judgment does not conflict with an order that dismissed the wrongful death action based upon a settlement and that was not a "final and conclusive judgment" (CPLR 5304[b][5]).
We take judicial notice of the subsequent decisions in the Australian action, the contents of which are undisputed (see CPLR 4511[b]; Matter of Kevin McK. v Elizabeth A.E., 111 AD3d 124, 133 [1st Dept 2013]). The decisions reflect that on August 24, 2017, the New South Wales Supreme Court (Payne, J.), issued a posttrial verdict in defendants' favor, dismissed the amended statement of claim, and directed plaintiffs to pay defendants' costs of the proceedings (see Marshall v Fleming [2017] NSWSC 1107). By order dated December 5, 2017, Justice Payne, inter alia, directed plaintiffs to pay defendants' costs of the trial, 50% of the costs of defendants' September 7, 2017 motion, and the costs of defendants' October 23, 2017 motion (see Marshall v Fleming, [No 2] [2017] NSWSC 1679).
Under the circumstances, a stay of enforcement of the judgment pending the final resolution of the Australian court's assessment of costs is warranted to avoid prejudice to defendants, who have established their entitlement to costs from plaintiffs in an amount that may exceed the recovery awarded to
plaintiffs and that can be used as a set-off (see CPLR 2201; S & D Maintenance Co. v City of New York, 169 AD2d 417 [1st Dept 1991]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK