Billig v Schwartz (2023 NY Slip Op 03192)

Billig v Schwartz

2023 NY Slip Op 03192

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Index No. 159735/17 Appeal No. 453 Case No. 2023-01079 

[*1]Joseph Peleg Billig et al., Plaintiffs,
v
Yisroel Schwartz Also Known as Isroel Schwartz et al., Defendants.
Yisroel Schwartz et al., Third-Party Plaintiffs-Appellants,
v
Fink & Zelmanovitz PC, et al., Third-Party Defendants-Respondents.

Winget, Spadafora & Schwartzberg, LLP, New York (Matthew Tracy of counsel), for appellants.
Abrams Garfinkel Margolis Bergson, LLP, New York (Robert J. Bergson of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about January 12, 2023, which granted third-party defendants' motion to dismiss the third-party complaint asserting common-law claims of indemnification and contribution, unanimously affirmed, with costs.
Initially, we note that the affirmation proffered by defendant Yisroel Schwartz in opposition to the motion to dismiss should have been disregarded since he is a party to this action (see CPLR 2106 [a]; John Harris P.C. v Krauss, 87 AD3d 469, 469 [1st Dept 2011]; Beltran v Commercial Bldg. Maintenance Corp., 206 AD3d 549, 549 [1st Dept 2022]).
In any event, even when considering Schwartz's affirmation, the third-party complaint was properly dismissed (CPLR 3211 [a] [7]). The contribution claim fails because no facts alleged, and none of the emails in the exhibits submitted in opposition to the motion, support the conclusion that third-party defendants were negligent in their representation of plaintiffs in the formation of the limited liability companies and funding of those entities for the purposes of real estate investments, merely by negotiating contracts, drafting or finalizing LLC operating agreements, or securing their clients' approval for defendants to release escrow funds (see Tower Bldg. Restoration v 20 E. 9th St. Apt. Corp., 295 AD2d 229, 229 [1st Dept 2002]; Trustees of Columbia Univ. v Mitchell/Giurgola Assoc., 109 AD2d 449, 454 [1st Dept 1985]; see also Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 845 [2d Dept 2012], lv denied 20 NY3d 857 [2013]). Schwartz's alleged comment that "the investments at issue in this action bore substantial risk" because his clients "had issues with prior partners and [he] questioned their ability to ultimately close on these transactions," if true, would not give third-party defendants reason to believe that there was potential fraud to be investigated (see Schimenti v Whitman & Ransom, 208 AD2d 470, 470 [1st Dept 1994]).
The common-law indemnification claim fails because defendants did not allege a breach of any duty running from third-party defendants to them (see Raquet v Braun, 90 NY2d 177, 183 [1997]; Seldin v Smith, 76 AD3d 623, 625 [2d Dept 2010]). Indeed, defendants and third-party defendants were negotiating arm's-length transactions.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023