25-1224-cv
Morgulis v. Bus Patrol Am., LLC

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty-six.

PRESENT:  DENNIS JACOBS,
            JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
                *Circuit Judges*.

------------------------------------------------------------------

SARAH MORGULIS, ON BEHALF
OF HERSELF AND ALL OTHERS
SIMILARLY SITUATED,

    *Plaintiff-Appellant*,

    v.                                                        No. 25-1224-cv

BUS PATROL AMERICA, LLC,

    *Defendant-Appellee*.

------------------------------------------------------------------

FOR APPELLANT:      MARTIN BIENSTOCK, Bienstock PLLC, Washington, DC (Joseph H. Aron, Aron Law PLLC, Brooklyn, NY, *on the brief*)

FOR APPELLEE:      TIMOTHY D. SINI (Neil P. Diskin, *on the brief*), Nixon Peabody LLP, Melville, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Sarah Morgulis, on behalf of herself and all others similarly situated, appeals from the April 11, 2025 judgment of the United States District Court for the Southern District of New York (Ramos, *J.*) dismissing her second amended complaint ("SAC") against Bus Patrol America, LLC ("Bus Patrol") for failing to state a claim. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In April 2023 Morgulis was issued a Notice of Liability ("NOL") by the Town of Hempstead for allegedly overtaking and passing an appropriately marked school bus that was receiving or discharging passengers with its stop-

2

arm activated, in violation of New York Vehicle and Traffic Law (VTL) §§ 1174, 1174-a. A "Specialist Certification" in the NOL asserted that there was sufficient evidence that a violation of VTL § 1174-a had occurred. The NOL stated that Morgulis could either pay a $250 fine and admit liability or deny liability and contest the citation at a hearing. Morgulis paid the fine.

In August 2024 Morgulis filed her SAC against Bus Patrol, a company that offers turnkey services to local governments for the enforcement of VTL violations. The SAC alleges that Bus Patrol violated Morgulis's state and federal constitutional rights and committed several state law torts by falsely representing in the NOL that there was sufficient evidence to support a finding of liability under VTL § 1174-a. After Morgulis voluntarily dismissed several causes of action with prejudice, the District Court dismissed the SAC for failure to state a claim.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6) [of the Federal Rules of Civil Procedure], construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Miller v. Metro. Life Ins. Co.*, 979 F.3d 118, 121 (2d Cir. 2020) (quotation marks omitted).

3

Morgulis first challenges the District Court's dismissal of her claim that Bus Patrol was unjustly enriched by her payment of the fine. We affirm the dismissal. Under New York law, "[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012). Two claims are duplicative if they "arise from the same facts . . . and do not allege distinct damages." *Sitar v. Sitar*, 854 N.Y.S.2d 536, 538 (2d Dep't 2008). Morgulis's unjust enrichment, fraudulent concealment, and fraudulent inducement claims arise from the same factual allegations: that Morgulis was induced to pay the fine based on the false representation in the NOL that there was sufficient evidence to support a finding of liability. Moreover, Morgulis has "not allege[d] any damages [for unjust enrichment] . . . that would not be recoverable under" a fraudulent concealment or fraudulent inducement claim under New York law. *Coppola v. Applied Elec. Corp.*, 732 N.Y.S.2d 402, 403 (1st Dep't 2001). The District Court therefore properly dismissed Morgulis's unjust enrichment claim as duplicative.

Second, Morgulis argues that she stated a claim that Bus Patrol fraudulently induced her to pay the fine. In support, she points to allegations

4

that the NOL falsely represented that there was sufficient evidence that a VTL § 1174-a violation had occurred. We are unconvinced. Under Rule 9(b) of the Federal Rules of Civil Procedure, fraud claims must be pleaded with particularity. *See* Fed. R. Civ. P. 9(b). Although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," *id.*, a plaintiff "must allege facts that give rise to a strong inference of fraudulent intent," *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (quotation marks omitted). Morgulis acknowledges that, when her NOL was issued, courts imposed liability based only on Bus Patrol's allegedly deficient evidence. But Morgulis has failed to plead any specific facts that Bus Patrol, by representing in the NOL that its evidence supported a VTL § 1174-a violation, had the fraudulent intent of inducing her to pay the fine.[1]

Morgulis also challenges the District Court's dismissal of her claim that Bus Patrol aided and abetted fraud committed by the Town of Hempstead by assisting the Town in issuing a misleading NOL. Because the allegedly false representation in the NOL does not support a "strong inference of fraudulent

---

[1] Morgulis also alleges that Bus Patrol was "driven by a motive for profit." App'x 79. But this allegation likewise fails to comply with Rule 9(b)'s insistence on particularity with respect to claims of fraud.

5

intent," *Lerner*, 459 F.3d at 290 (quotation marks omitted), however, we agree with the District Court that Morgulis has failed to adequately plead an underlying fraud on the part of the Town, *see Stanfield Offshore Leveraged Assets, Ltd. v. Metro. Life Ins. Co.*, 883 N.Y.S.2d 486, 489 (1st Dep't 2009).

Nor are we persuaded that Morgulis has adequately alleged a federal procedural due process claim under 42 U.S.C. § 1983. The NOL explicitly advised Morgulis of her right to dispute liability at a hearing before the Nassau County Traffic and Parking Violations Agency and indicated that no fine would be enforced for at least 30 days. And as Morgulis acknowledges, an adverse decision at a hearing is appealable to the Appellate Term. *See, e.g.*, *People v. Croce*, 201 N.Y.S.3d 595, 597 (N.Y. App. Term 2023). Morgulis thus had an adequate "opportunity to be heard at a meaningful time and in a meaningful manner." *Calhoun v. N.Y. State Div. of Parole Officers*, 999 F.2d 647, 653 (2d Cir. 1993) (quotation marks omitted).

Finally, Morgulis argues that she has adequately pleaded a claim of negligent misrepresentation. But because Morgulis stipulated to the dismissal of the negligent misrepresentation claim in her SAC with prejudice, she may not now pursue it on appeal. *See Anthony v. City of New York*, 339 F.3d 129, 140 n.7

6

(2d Cir. 2003).  To the extent that Morgulis seeks review of the dismissal of her negligent misrepresentation claim in her first amended complaint, Morgulis forfeited that review by filing her SAC, which "supersede[d]" her earlier amended complaint and rendered it "of no legal effect."  *Neurological Surgery Prac. of Long Island, PLLC v. U.S. Dep't of Health & Hum. Servs.*, 145 F.4th 212, 225 (2d Cir. 2025) (quotation marks omitted).

We have considered Morgulis's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court